1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney's Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10  SUI HUAN CAO,                    )    Case No. 08cv0511-DMS (BLM)
                                     )
11                    Petitioner,    )
                                     )
12            v.                     )
                                     )
13  MICHAEL CHERTOFF, Secretary of the)   TABLE OF EXHIBITS IN SUPPORT OF
    Department  of  Homeland  Security;)  GOVERNMENT'S RETURN IN OPPOSITION
14  MICHAEL MUKASEY, Attorney General;)   TO  PETITION  FOR  WRIT  OF  HABEAS
    ROBIN F. BAKER, Director of San Diego)  CORPUS
15  Field  Office;   U.S.  Immigration  and)
    Customs   Enforcement;   JOHN   A.)
16  GARZON, Officer-in-Charge,       )
                                     )
17                    Respondents.)
    _____)
18

19  Exhibits:                                               Pages:

20  Declaration of Caroline J. Clark                        12

21      Exhibit A:    Order to Show Cause                   13-18

22      Exhibit B:    Notification of Conditions of Release  19-20

23      Exhibit C:    Order of the Immigration Judge (IJ) on Custody   21-22

24      Exhibit D:    Declaration of Miguel Coronado         23-27

25      Exhibit E:    Immigration Bond                       28-29

26      Exhibit F:    Transcript from May 27, 1994 Hearing   30-36

27      Exhibit G:    Memorandum of Oral Decision of the IJ  37-38

28      Exhibit H:    Petitioner's Notice of Appeal to the BIA  39-40

| | Exhibits: | | Pages: |
|---|---|---|---|
| | Exhibit I: | BIA Decision | 41-42 |
| | Exhibit J: | Warrant of Removal/Deportation | 43-44 |
| | Exhibit K: | Demand to Surrender | 45-47 |
| | Exhibit L: | Record of Deportable/Inadmissible Alien | 48-51 |
| | Exhibit M: | Request for Travel Documents | 52-53 |
| | Exhibit N: | Post Custody Review Worksheet | 54-61 |
| | Exhibit O: | Decision to Continue Detention | 62-63 |
| | Exhibit P: | Memorandum to ICE Headquarters | 64-65 |
| | Exhibit Q: | Declaration of Eric Saldana | 66-68 |
| | Exhibit R: | Kim v. Ashcroft, Case No. 02cv1524-J(LAB) Order Granting Motion for Reconsideration | 69-77 |

08-0511

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney's Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8  Attorneys for Respondents

9                 UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11  SUI HUAN CAO,                        )  Case No. 08cv0511-DMS (BLM)
                                         )
12                    Petitioner,        )
                                         )  DECLARATION OF CAROLINE CLARK
13           v.                          )
                                         )
14  MICHAEL   CHERTOFF,  Secretary  of  the)
    Department of Homeland Security, et al., )
15                                       )
                      Respondents.       )
16  _____ )

17  I, Caroline J. Clark, declare and state as follows:

18      1.      I am employed by the United States Attorney's Office, Southern District of California,

19  as an Assistant United States Attorney. My current employment address is 880 Front Street, Room

20  6293, San Diego, California, 92101. I am the attorney assigned to the above-captioned matter.

21      2.      I obtained a copy of the documents, lettered Exhibits A-C, E-P, of which a true copy

22  (with minor redactions to protect privacy) accompanies the Government's Return in Opposition to

23  Petition for Writ of Habeas Corpus in this case, from Petitioner's alien file (A-file) which was received

24  in my office by Paralegal Pam Bradley from ICE Officer Maguire. The A-file was requested by Ms.

25  Bradley in connection with the above entitled action.

26          I declare under penalty of perjury under the laws of the United States that the foregoing is true

27  and correct to the best of my knowledge.

28          Signed this 28th day of April, 2008, in San Diego, California.

                                    s/ Caroline J. Clark
                                    CAROLINE J. CLARK                    012

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney's Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8  Attorneys for Respondents

9                    UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11 SUI HUAN CAO,                          )    Case No. 08cv0511-DMS (BLM)
                                          )
12                    Petitioner,         )
                                          )
13        v.                              )
                                          )    EXHIBIT A
14 MICHAEL   CHERTOFF,  Secretary  of the )
   Department of Homeland Security; MICHAEL)
15 MUKASEY,  Attorney  General;  ROBIN  F.)
   BAKER, Director of San Diego Field Office;)
16 U.S. Immigration and Customs Enforcement;)
   JOHN A. GARZON, Officer-in-Charge,      )
17                                         )
                      Respondents          )
18 _____)

19

20

21

22

23

24

25

26

27
                          **EXHIBIT A**
28

013

**U.S. Department of Justice**
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

# ORDER TO SHOW CAUSE AND NOTICE OF HEARING
## (ORDEN DE PRESENTAR MOTIVOS JUSTIFICANTES Y AVISO DE AUDIENCIA)

In Deportation Proceedings under section 242 of the Immigration and Nationality Act.
(En los trámites de deportación a tenor de la sección 242 de la Ley de Inmigración y Nacionalidad.)

**United States of America:**
**(Estados Unidos de América:)**

File No. ___A38-494-552___
~~A38 494 552~~
(No. de registro)

Dated ___APR 30 1993___
(Fechada)

In the matter of
(En el asunto de)

CAO, Sui Huan   aka: TSO, Steven _____ (Respondent)
(Demandado)

Address
(Dirección)

c/o Superintendent, Woodbourne Correctional Facility

Riverside Drive, Woodbourne, NY  12788

Telephone No. (Area Code)
(No. de teléfono y código de área)

Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that:
(Según las indagaciones realizadas por el Servicio de Inmigración y Naturalización, se alega que:)

1) You are not a citizen or national of the United States;
   (Ud. no es ciudadano o nacional de los Estados Unidos)

2) You are a native of ___People's Republic of China___ and a citizen of ___People's Republic of China___
   (Ud. es nativo de) (People's Republic of China)        (y ciudadano de) (People's Republic of China)

3) You entered the United States at or near ___New York, New York___ on or about ___December 23, 1983___ ;
   (Ud. entró a los Estados Unidos en o cerca de)
   (Nueva York, Nueva York)        (el día o hacia esa fecha)
   (23 de Diciembre, 1983)

4. At that time you entered as a Lawful Permanent Resident

   (En ese momento, usted entro como un Residente Permanente
   Legal);

5. You were, on February 5, 1990, convicted in the Supreme Court of
   the State of New York, County of Queens, of Attempted Robbery in
   the second degree, in violation of Section 110/160.10 of the New
   York State Penal Law;

   (Ud. resultó convicto, el 5 de Febrero de 1990, en el Tribunal
   Supremo del Estado de Nueva York, Condado de Queens, de Atentado
   de Robo en el segundo grado, en violacion de la Seccion
   110/160.10 del Código Penal del Estado de Nueva York);

See Attachment page for Additional Allegations
(Vea pagina adjunta con alegatos adicionales)

Form I-221 (Rev. 6/12/92) N

EF  014
Page 1

**U.S. Department of Ju...**
Immigration and Naturalization Service

Continuation Page for Form

| Alien's Name | File Number | Date |
|---|---|---|
| CAO, Sui Huan | A38 494 552 | APR 30 1993 |

AKA:  CAO, Sui Huan

6. You were, on August 7, 1990, convicted in the Supreme Court of
the State of New York, County of New York, of Robbery in the
first degree, in violation of Section 160.15 of the New York
State Penal Law;

(Ud. resulto convicto, el 7 de Agosto de 1990, en el Tribunal
Supremo del Estado de Nueva York, Condado de Nueva York, del
Robo en el primero grado, en violacion de la Seccion 160.15 del
Codigo Penal del Estado de Nueva York);

7. The crimes did not arise out of a single scheme of criminal
misconduct.

(Estos delitos no provienen del mismo esquema de conducta
delictiva).

| Signature | Title |
|---|---|
| | Deputy Assistant District Director for Investigations |

**U.S. Department of Justice**
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

Continuation Sheet
*(Hoja complementaria)*

Dated **APR 30 1993**
*(Fechada)*

Respondent    CAO, Sui Huan
*(Demandado)*    akas:  Tso, Steven    Tlo, Steven
Tao, Steven

File No.    A38 494 552
*(No. de registro)*

AND on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:
*(Y según los alegatos anteriores, se le acusa de estar sujeto a deportación de acuerdo con la(s) siguiente(s) disposicion(es) de la ley:)*

Section 241(a)(2)(A)(ii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after entry, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

(Seccion 241(a)(2)(A)(ii) de la Ley de Inmigracion y Nacionalidad (INA), segun enmendada, en que, en algun momento despues de su entrada, Ud. ha resultado convicto de dos delitos referentes a bajeza moral que no provienen de un mismo esquema sencillo de conducta delictiva).

**WHEREFORE, YOU ARE ORDERED** to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice at:
*(POR LO CUAL, SE LE ORDENA comparecer ante un juez de inmigración de la Oficina Ejecutiva de Revisión de Inmigración del Departamento de Justicia de los Estados Unidos en:)*

Address    TO BE CALENDARED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION JUDGE.
*(Dirección)*    NOTICE WILL BE MAILED TO THE ADDRESS PROVIDED BY THE RESPONDENT.
On    *(La Oficina del juez de inmigracion enviara un aviso a la direccion facilitada*
*(Fecha)*    por el demandado con la fecha de la audiencia)    At                          .m.
*(Hora)*

and show cause why you should not be deported from the United States on the charge(s) set forth above.
*(y mostrar motivos justificantes por cual no deberia ser deportado de los Estados Unidos por los cargos expresados anteriormente.)*

Dated    **APR 30 1993**
*(Fechada)*

Signature of Issuing Officer
*(Firma del funcionario que la expide)*

City and State of Issuance  New York, New York
*(Ciudad y Estado donde se expide)*

Title of Issuing Officer    Deputy Assistant District Director
for Investigations
*(Título del funcionario que la expide)*

LANGUAGE:    Spanish
EPR Date:    12/93

016

Form I-221 (Rev. 6/12/92) N                                                                 Page 3

U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form     I-221

| Alien's Name | File Number | Date |
|---|---|---|
| CAO, Sui Huan | A38 494 552 | APR 30 1993 |

### ATTACHMENT A

Your Order to Show Cause is not being filed with the Office of the Immigration Judge at this time. At the time the Order to Show Cause is filed, you will be notified of the street address, city, state and zip code of the Office of the Immigration Judge having jurisdiction over your case.

*(En este momento, su Orden de Presentar Motivos Justificantes no esta registrada en la Oficina del Juez de Inmigracion. Cuando la Orden de Presentar Motivos Justificantes se registre, se le notificara a Ud. la direccion, ciudad, estado y código postal de la Oficina del Juez de Inmigracion que tiene jurisdiccion sobre su caso.)*

Until you receive notification that your Order to Show Cause has been filed, you should direct all correspondence in your case and report any changes in your address, including zip code and telephone number, to the:

*(Hasta que Ud. reciba la notificacion de que su Orden de Presentar Motivos Justificantes ha sido registrada, Ud. debera dirigir toda la correspondencia sobre su caso e informar cualquier cambio de dirrecion, incluyendo el código postal y el numero telefonico, a:)*

U. S. Immigration and Naturalization Service

26 Federal Plaza
New York, New York 10278

Attn:    ADD/DDP

After you receive notification that your Order to Show Cause has been filed, you should direct all correspondence in your case and report any changes in your address, including zip code and telephone number, to the Office of the Immgration Judge having jurisdiction over your case.

*(Luego de que Ud. reciba la notificacion de que su Orden de Presentar Motivos Justificantes ha sido registrada, Ud. debera dirigir toda la correspondencia sobre su caso e informar cualquier cambio de direccion, incluyendo código postal y numero telefonico, a la Oficina del Juez de Inmigracion que tenga jurisdiccion sobre su caso.)*

| Signature | Title Deputy Assistant District Director for Investigations |
|---|---|

017
_____ of _____ Pages

Form I-831 Continuation Page (Rev. 6/12/92)

This Order to Show Cause shall be filed with the Immigration Judge of the Executive Office for Immigration Review at the address provided below. You must report any changes of your address or telephone number in writing to this office:

Debe presentar esta Orden de Presentar Motivos Justificantes a la Oficina Ejecutiva de Revisión de Inmigración en la siguiente dirección. Debe notificar cualquier cambio de su domicilio o número de teléfono por escrito a:

### The Office of the Immigration Judge

26 Federal Plaza, Room 13-130

New York, NY  10278

### Certificate of Translation and Oral Notice

This Order to Show Cause ☐ **was** ☐ **was not** read to the named alien in the _____ language, which is his/her native language or a language which he/she understands.

| Date | Signature | |
|---|---|---|
| | | Printed Name and Title of Translator |

Address of Translator (If other than INS employee) or office location and division (if INS employee)

(If oral notice was not provided please explain)

| Manner of Service | Alien's Right Thumb Print |
|---|---|
| ☐ Personal Service to Alien | |
| ☑ Certified Mail - Return Receipt Requested | |
|    ☑ Alien | |
| ☐ Counsel of Record | |

### Certificate of Service

This Order to Show Cause was served by me at 26 Federal Plaze on May 11, 1993 19 __

at _____ 7:30 △ m.

| Officer's Signature | Printed Name | Title | Office |
|---|---|---|---|
| Gary Ungn | Gary Ungen | S/A | N-7.c |

Alien's Signature (acknowledgment/receipt of this form)
(Firma de extranjero/acuse de recibo)

### Request for Prompt Hearing and Waiver of 14-Day Minimum Period
### (Solicitud de audiencia inmediata y renuncia al plazo mínimo de 14 días)

To expedite determination of my case, I request an immediate hearing, and waive my right to the 14 day notice.
(Para agilizar la decisión sobre mi caso, solicito una audiencia inmediata y renuncio a mi derecho a un plazo mínimo de 14 días.)

| Signature of Respondent (Firma de demandado) | Date (Fecha) | 018 |
|---|---|---|

Form I-221 (Rev. 6/12/92) N

Page 5

1   KAREN P. HEWITT
    United States Attorney
2   RAVEN M. NORRIS
    Assistant U.S. Attorney
3   California State Bar No. 232868
    CAROLINE J. CLARK
4   Assistant U.S. Attorney
    California State Bar No. 220000
5   United States Attorney's Office
    880 Front Street, Room 6293
6   San Diego, California 92101-8893
    Telephone: (619) 557-7157/7491
7   Facsimile: (619) 557-5004

8   Attorneys for Respondents

9                        UNITED STATES DISTRICT COURT

10                    SOUTHERN DISTRICT OF CALIFORNIA

11  SUI HUAN CAO,                        )   Case No. 08cv0511-DMS (BLM)
                                         )
12                 Petitioner,           )
                                         )
13          v.                           )
                                         )   EXHIBIT B
14  MICHAEL  CHERTOFF,  Secretary  of the)
    Department of Homeland Security; MICHAEL)
15  MUKASEY,  Attorney  General;  ROBIN  F.)
    BAKER, Director of San Diego Field Office;)
16  U.S. Immigration and Customs Enforcement;)
    JOHN A. GARZON, Officer-in-Charge,   )
17                                       )
                   Respondents           )
18  _____  )

19

20

21

22

23

24

25

26

27
                            **EXHIBIT B**
28

019

**U.S. Department of Justice**
Immigration and Naturalization Service

Notification to Alien of Conditions of Release or Detention

| CAO, Sui Huan aka:TSO, Steven | A38 494 554 |
|---|---|
| **Name** (Nombre) | **File Number** (Número del Registro) |

## NOTIFICATION TO ALIEN OF CONDITIONS OF RELEASE OR DETENTION
### (AVISO AL EXTRANJERO SOBRE LAS CONDICIONES DE SU DETENCION O PUESTA EN LIBERTAD)

Pursuant to the authority of Part 242.2, Title 8, Code of Federal Regulations, an authorized officer has determined that, pending a final determination of deportability in your case, and, in the event you are ordered deported, until your departure from the United States is effected, but not to exceed six months (except in the case of an alien convicted of an aggravated felony) from the date of the final order of deportation under administrative processes, or from the date of the final order of the court if judicial review is had, you shall be:

De acuerdo con lo dispuesto en la Parte 242.2 del Título 8, Código de Reglamentos Federales, un funcionario autorizado ha decidido que, mientras se llega a una decisión definitiva con respecto a su deportación y, en el caso de que se ordene la misma, hasta que tenga lugar su salida de los Estados Unidos, pero que no exceda más de seis meses (salvo en el caso de un extranjero condenado por un delito grave con agravantes) después de la fecha de la orden definitiva de deportación por trámites administrativos, o a partir de la fecha definitiva de la orden del tribunal, de haber revisión judicial, Usted sea:

_____ Detained in the custody of this Service          _____ Released on an Order of Recognizance (Form I-220A)
(Detenido bajo la custodia del Servicio)          (Puesto en libertad en virtud de una Orden de Obligación de Comparecer)
          (Formulario I-220A)

__✓__ Released under bond in the amount of          $ 30,000
(Puesto en libertad bajo fianza por la cantidad de)

You may accept this custody determination or you may request a redetermination by an immigration judge.
(Usted puede aceptar esta decisión de custodia o solicitar que el juez de inmigración tome otra decisión).

I do __✓__        do not _____ request redetermination of the custody decision by an immigration judge.
(Solicito)        (no solicito)        (que el juez de inmigración determine de nuevo acerca de esta decisión de custodia).

Signature of respondent          Date 4/4/94
(Firma del demandado)          (Fecha)

### CERTIFICATE OF SERVICE

Served at _____ on 4/4 19 94 at 2 3⁵ a.m./p.m.

Signature of Officer/Employee          Title of Officer/Employee

### RESULT OF CUSTODY REDETERMINATION

On _____ 19___, custody status/conditions for release were reconsidered by:

[ ] Immigration Judge (EOIR)     [ ] District Director     [ ] Board of Immigration Appeals

The results of the redetermination/reconsideration are:

[ ] No Change-Original determination upheld.          [ ] Release-Order of Recognizance (I-220A)
[ ] Detain in custody of this Service          [ ] Release-Personal Recognizance
[ ] Bond amount reset to $          [ ] Other:

Signature/Title

Form I-286 (Rev. 6-12-92)N

FILE COPY

020

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney's Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8  Attorneys for Respondents

9               UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11  SUI HUAN CAO,                    )   Case No. 08cv0511-DMS (BLM)
                                     )
12               Petitioner,         )
                                     )
13        v.                         )
                                     )   EXHIBIT C
14  MICHAEL CHERTOFF, Secretary of the)
    Department of Homeland Security; MICHAEL)
15  MUKASEY, Attorney General; ROBIN F.)
    BAKER, Director of San Diego Field Office;)
16  U.S. Immigration and Customs Enforcement;)
    JOHN A. GARZON, Officer-in-Charge,  )
17                                   )
                 Respondents         )
18  _____)

19

20

21

22

23

24

25

26

27
                         **EXHIBIT C**
28

021

**U.S. Department of Justice**
Executive Office for Immigration Review
Office of the Immigration Judge

File A _38 454 554_

In the Matter of

*Ari Hnum Coa AKA* | Order of the
Immigration Judge
with Respect to Custody

*Steven TSO*
Respondent.

Request having been made for a change in the custody status of the respondent pursuant to 8 CFR 242.2(b), and (c), and full consideration having been given by me to the representations of the Immigration and Naturalization Service and of the respondent in the premises, it is hereby

☐ ORDERED that the request for a change in the custody status of the respondent be denied.

☒ ORDERED that the request be granted and that respondent be:

☐ released from custody on his own recognizance

☒ released from custody under bond of $_15,000 00_ ( Fifteen Thousand Dollars )

It is further ordered that the conditions of the bond

☐ remain unchanged

☐ be changed as follows: _____

_____

Copy of this decision has been served on the respondent and the Immigration and Naturalization Service.
Appeal: ~~Waived~~ reserved *by resp to 4/18/94*

Date: _4/6/94_

Place: _Varick St (NYC)_

_____
(Immigration Judge)

FORM EOIR-1
FEB. 84

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney's Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8  Attorneys for Respondents

9               UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11 SUI HUAN CAO,                        )  Case No. 08cv0511-DMS (BLM)
                                        )
12              Petitioner,             )
                                        )
13        v.                            )
                                        )  EXHIBIT D
14 MICHAEL CHERTOFF, Secretary of the)
   Department of Homeland Security; MICHAEL)
15 MUKASEY, Attorney General; ROBIN F.)
   BAKER, Director of San Diego Field Office;)
16 U.S. Immigration and Customs Enforcement;)
   JOHN A. GARZON, Officer-in-Charge,  )
17                                      )
                Respondents             )
18 _____)

19

20

21

22

23

24

25

26

27

28                    **EXHIBIT D**

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney=s Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8  Attorneys for Defendants

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11  SUIHUAN CAO,                    )
                                    )  Case No. 08cv0511-DMS (BLM)
12              Petitioner,         )
                                    )
13       v.                         )  DECLARATION OF MIGUEL CORONADO
                                    )
14  MICHAEL CHERTOFF, Secretary of the)
    Department   of   Homeland   Security;)
15  MICHAEL MUKASEY, Attorney General;)
    ROBIN F. BAKER, Director of San Diego)
16  Field Office; U.S. Immigration and Customs)
    Enforcement; JOHN A. GARZON, Officer-)
17  in-Charge,                      )
                                    )
18              Respondents.        )
                                    )
19  _____)

20  DECLARATION OF MIGUEL CORONADO

21  I, Miguel Coronado, do hereby declare and say:

22       1. I am employed by the U.S. Department of Homeland Security (DHS), Immigration and

23  Customs Enforcement (ICE), in the San Diego Field Office, as a Deportation Officer. I have held

24  this position since April 29, 2007. Prior to this position, I was an Immigration Enforcement Agent

25  for ICE, and before its existence, a Detention Enforcement Officer with the Immigration and

26  Naturalization Service (INS) since February 25, 2001. Prior to that I was an Immigration Inspector

27  for the INS since May 17, 1996.

28

1    2. I am a Deportation Officer in the Removal Unit, and my responsibilities include enforcing

2    final orders of deportation and removal from the United States for all aliens other than Mexicans. I

3    obtain travel documents from foreign consulates and embassies as part of the removal process. I am

4    familiar with the repatriation of Chinese nationals.

5    3. I make this declaration based upon personal knowledge, review of Petitioner Sui Huan

6    Cao's alien file (A-file 38 494 554), and review of official documents and records maintained by

7    ICE.

8    4. On March 29, 1994, Petitioner was taken into INS custody pursuant to the initiation of

9    deportation proceedings against him. On April 4, 1994, INS set a bond of $30,000, for Petitioner's

10   release pending the final outcome of his deportation proceedings. On April 6, 1994, an Immigration

11   Judge, lowered the bond to $15,000. On April 7, 1994, Petitioner was released from INS custody

12   after International Fidelity Insurance Company posted the $15,000 bond.

13   5. On October 02, 1995 the Immigration Judge ordered the Petitioner deported from the

14   United States. The Petitioner appealed the decision on October 11, 1995.

15   6. On March 24, 1997, Petitioner's order of deportation became final after the Board of

16   Immigration Appeals dismissed his appeal.

17   7. On July 02, 1999, INS notified International Fidelity Insurance Company, that, pursuant

18   to the terms of the bond it posted for Petitioner, they must surrender Petitioner to INS custody on

19   August 6, 1999. Petitioner did not appear on August 6, 1999, or thereafter.

20   8. On June 05, 2007, ICE officers located Petitioner in Philadelphia, Pennsylvania, and

21   detained him subject to the outstanding final order of deportation. On July 24, 2007, Petitioner was

22   moved to ICE custody in San Pedro, California. On July 24, 2007, Petitioner was provided with

23   instructions regarding his obligation to assist in obtaining travel documents, Form I-229. On August

24   31, 2007, Petitioner was moved to the ICE detention facility in Otay Mesa, California, where he is

25   currently detained.

26   9. Between October 22, 2007 and November 28, 2007, my office received Petitioner's A-

27

28                                              3

1  file. On November 28, 2007, ICE sent a request for travel documents to the Chinese Consulate in
2  Los Angeles, California. On December 21, 2007, Petitioner was given a Post Custody Order Review
3  Worksheet.

4      10. On January 07, 2008 Petitioner returned his Post Custody Order Review Worksheet and
5  was served another Form I-229.

6      11. On January 14, 2007, I conducted a Post Order Custody Review for Petitioner. After
7  thorough review, I recommended that Petitioner remain in custody due to his violent criminal
8  history, finding that he was a threat to the community. I also considered that he had been a fugitive
9  from deportation for over ten years when ICE officers encountered him. On January 23, 2008, ICE
10 issued a Decision to Continue Detention, noting Petitioner's criminal history and disregard for law.

11     12. On February 01 and 19, 2008, ICE sent the Chinese Consulate requests, via voice mail
12 and faxed letters, concerning the status of issuing a travel document to Petitioner. On February 19,
13 2008, my office sent a memorandum to ICE Headquarters in Washington, D.C., requesting
14 assistance in obtaining Petitioner's travel documents.

15     13. On February 20, 2008, Petitioner was interviewed telephonically by an official from the
16 Chinese Consulate in Los Angeles. After the interview, the consular official informed my office that
17 Petitioner stated his attorney was going to try to reopen his immigration case. The consular official
18 stated they did not want to issue travel documents if Petitioner was going to reopen his immigration
19 case and requested we contact Petitioner's attorney, Janet Tung. Once issued, travel documents
20 from China are only valid for three months.

21     14. On February 22, 2008, my office left a voice message with attorney Tung requesting a
22 return call at her earliest convenience.

23     15. On February 25, 2008, my office received a phone call from attorney Tung, who
24 requested information pertaining to Petitioner's detention. She stated that she was Petitioner's
25 attorney and that she was not planning on filing a motion to reopen in Petitioner's case. My office
26 requested attorney Tung provide us with a Notice of Appearance as Attorney or Representative
27
28

4

1  (Form G-28) in order for ICE to release any information to her pertaining to Petitioner. To date,

2  attorney Tung has not submitted a Form G-28.

3      16.  On February 26, 2008, my office spoke with the official from the Chinese Consulate

4  who interviewed Petitioner and explained to him that no petition to reopen was going to be filed.

5  The consular official stated he was still going to wait before issuing a travel document.

6      17.  On March 03, 2008, I spoke with the official from the Chinese Consulate who

7  interviewed Petitioner and was informed that he had submitted the application for Petitioner's travel

8  documents to mainland China for approval.

9      18.  On March 17, 2008, and April 03, 2008, my office left messages with the Chinese

10  Consulate requesting the status of Petitioner's travel documents. On April 07, 2008, I left a voice

11  message and sent a fax to the Chinese Consulate requesting the status of his travel documents.

12      19.  On April 28, 2008, my office transferred this matter to ICE's Headquarters Custody

13  Determination Unit in Washington, D.C., for a subsequent determination regarding Petitioner's

14  custody and to continue contact with the Chinese Consulate for the issuance of travel documents. I

15  will also continue to contact the Chinese Consulate for the issuance of Petitioner's travel documents.

16      20.  In my experience the Chinese Consulate takes longer than most other countries to issue

17  travel documents, but I have not had a case where they have not eventually issued one. Once a

18  travel document is issued for Petitioner, his removal can be effected promptly.

19      I declare under penalty of perjury of the laws of the United States of America that the

20  foregoing is true and correct.

21      Executed this 28ᵗʰ day of April 2008.

22  Miguel Coronado
    Deportation Officer
23  Otay Detention Facility
    San Diego Field Office
24

25

26

27

28                                5

08cv0511

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney's Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8  Attorneys for Respondents

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11  SUI HUAN CAO,                    )  Case No. 08cv0511-DMS (BLM)
                                     )
12              Petitioner,          )
                                     )
13       v.                          )
                                     )  EXHIBIT E
14  MICHAEL CHERTOFF, Secretary of the)
    Department of Homeland Security; MICHAEL)
15  MUKASEY, Attorney General; ROBIN F.)
    BAKER, Director of San Diego Field Office;)
16  U.S. Immigration and Customs Enforcement;)
    JOHN A. GARZON, Officer-in-Charge,)
17                                   )
                Respondents          )
18  _____ )

19

20

21

22

23

24

25

26

27                    **EXHIBIT E**

28

028

Date 4/28/2000   No. Page 20 of 68

VARICK STREET

**A.** Name and address of obligor:
International Fidelity Ins. Co.                    321 Broadway, New York, N.Y. 10007

If this bond is executed by a surety company the following: Rate of premium: _____ Amount of premium
$_____. The name and address of the person who executed a written instrument with the surety company requesting it to post the bond is:
c/o CAO, Jian Chang 7635 Overbrook Ave. Philadelphia, Pa. 19151 (215) 923-4868

**B.** Name of alien for whom this bond is furnished: (If there is more than one alien, separate schedule showing name of each alien, date and country of his/her birth and arrival data, signed and sealed by the obligor and made part hereof, is attached.)

Name:
CAO, Sui Huan                                    Date and country of birth of alien: 6/14/70  China

Date, port and means of arrival in the United States:  12/23/83  NYC  P4-3     Nationality of alien: Chinese

**C.** In consideration of the facts recited in paragraph or paragraphs herein numbered _____ -2- _____
and captioned **Bond conditioned for the delivery of an alien**
(and in any rider or riders lettered _____ and captioned _____
attached hereto and made part hereof) the obligor above named, by subscribing hereto, hereby declares that he/she _____ States in
the sum of FIFTEEN THOUSAND _____ dollars ($ 15,000—————————————) _____ that the
alien shall not become a public charge the obligor declares himself/herself bound in such amount of successive _____ ph (3)
herein) as liquidated damages and not as a penalty, which sum is to be paid to the United States immediately u_____ rth in
any such paragraph or rider. The obligor further agrees that any notice to him/her in connection with this b_____ ed to
him/her at the above address. If bond is furnished for more than one alien, the obligor agrees that any reference _____ all be
construed in the plural sense. The obligor acknowledges receipt of a copy of the executed bond and any attache_____ burden
of establishing compliance with the terms of the bond rests on the obligor. If this bond has been executed in consig_____ ragraph (1)
captioned "Bond for Maintenance of Status and Departure of Non-immigrant Alien" and has been furnished for more t_____ due for each
alien who fails to comply with the terms thereof shall be _____ dollars ($ _____ xceed the total sum
of _____ dollars ($ _____

**D.** Signed and sealed in the presence of –                           Date: _____
Name _____                           Name _____
Address _____                        Address _____
_____ (Witness)                              _____ (Witness)
_____ (Obligor)                              _____ (SEAL)

**E.** PLEDGE AND POWER OF ATTORNEY FOR USE WHEN UNITED STATES BONDS OR NOTES ARE DEPOSITED AS SECURITY
The United States Bonds/Notes described in the following schedule are hereby pledged as security for the performance and fulfillment of the foregoing undertaking in accordance with 6 U.S.C. 15, 31 CFR Part 225, and Treasury Department Circular 154 (Revised), dated October 31, 1969, and I the obligor named in this bond do hereby appoint the Attorney General of the United States for me and in my name to collect or to sell, assign and transfer said United States bond or notes and I agree that in case of any default in the performance of any of the conditions herein to which I have subscribed, my said attorney shall have the power to collect said bonds/notes or any part hereof or to sell, assign, and transfer said bonds/notes or any part thereof, without notice, at public or private sale, free from equity of redemption and without appraisement or valuation, same being waived, and to apply the proceeds in whole or in part to the satisfaction of any damages, demands, or deficiencies arising by reason of such default, as my said attorney may deem best.

| TITLE OF BONDS/NOTES | COUPONS ATTACHED | FACE VALUE | INTEREST RATE | SERIAL NO. | INTEREST DATES |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

PLEDGE AND POWER OF ATTORNEY FOR USE WHEN CASH IS DEPOSITED AS SECURITY

The amount of _____ ($ _____ ), cash money of the United States, is hereby pledged as security for the performance and fulfillment of the foregoing undertaking, and I, the obligor named in this bond, hereby appoint the Attorney General of the United States as my attorney for me and in my name to collect or to assign and transfer the said sum of money, and I agree that, in case of default in the performance of any of the conditions herein to which I have subscribed, my said attorney shall have full power to collect said sum of money or any part thereof or to assign and transfer said sum or any part thereof, without notice and to apply said sum or any part thereof to the satisfaction of any damages, demands, or deficiencies arising by reason of such default, as my said attorney may deem best. I further empower my said attorney, in the event all the conditions herein to which I have subscribed have been complied with and the bond is canceled, to deliver the said sum of money plus any interest accrued thereon, to me at my risk and expense by such means as he/she shall select.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this _____ day of _____ 19 _____
_____ (SEAL)
Before me, within the county of _____ in the State of _____ (or the District of
Columbia), personally appeared the above named _____ and acknowledged the execution of the foregoing power of attorney.
Witness my hand this _____ day of _____ 19 _____
_____ (Signature)                                    _____ (Title)

**F.** Bond approved and accepted   New York, N.Y.                           April 7  19 94
                                   (City)   (State)
NYC-S-0743                                               William S. Slattery
                                                          (District Director)
1-352 (Rev. 6-1-84)N.                                                        029

1 | KAREN P. HEWITT
United States Attorney
2 | RAVEN M. NORRIS
Assistant U.S. Attorney
3 | California State Bar No. 232868
CAROLINE J. CLARK
4 | Assistant U.S. Attorney
California State Bar No. 220000
5 | United States Attorney's Office
880 Front Street, Room 6293
6 | San Diego, California 92101-8893
Telephone: (619) 557-7157/7491
7 | Facsimile: (619) 557-5004

8 | Attorneys for Respondents

9 |                    UNITED STATES DISTRICT COURT

10 |                  SOUTHERN DISTRICT OF CALIFORNIA

11 | SUI HUAN CAO,                        )    Case No. 08cv0511-DMS (BLM)
                                         )
12 |                    Petitioner,       )
                                         )
13 |          v.                          )
                                         )    EXHIBIT F
14 | MICHAEL  CHERTOFF,  Secretary  of  the)
Department of Homeland Security; MICHAEL)
15 | MUKASEY,  Attorney  General;  ROBIN  F.)
BAKER, Director of San Diego Field Office;)
16 | U.S. Immigration and Customs Enforcement;)
JOHN A. GARZON, Officer-in-Charge,    )
17 |                                      )
                                         )
18 |                    Respondents       )
_____)

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |                            **EXHIBIT F**
28 |

U.S. Department of Justice
Executive Office for Immigration Review
Office of the Immigration Judge


Matter of                                          File A 38 494 554


                                    )
                                    )
SUI, HUAN CAO                       )
AKA STEPHEN TSO,                    )        IN DEPORTATION PROCEEDINGS
          Respondent                )
                                    )              Transcript of Hearing


Before:  SANDY HOM, Immigration Judge


Date:  May 27, 1994               Place:  New York, New York


Transcribed by DEPOSITION SERVICES, INC. At Rockville, Maryland


Official Interpreter:


Language:


Appearances:

        For the Immigration and          For the Respondent:
        Naturalization Service:

        William Jankun, Esquire          Mahmoud Ramadan, Esquire

jw

1    JUDGE FOR THE RECORD

2              This is a deportation proceeding in the matter of Sui

3    Huan Cao, A 38 494 554.  Today is May 27th, 1994 and this is

4    Immigration Judge Sandy Hom sitting in New York.

5              Representing the Service is Mr. William Jankun.

6    Representing the respondent is Mr. Mohammed Ramadan, 299

7    Broadway, Suite 1400, New York, New York 10007.

8    JUDGE TO MR. SUI

9         Q.   To the respondent, do you speak any English?

10        A.   (No audible response).

11        Q.   Do you understand English, sir?

12        A.   Yes.

13        Q.   What is your name?

14        A.   It's Sui Huan Cao.

15        Q.   Where do you live?

16        A.   Where do I live?

17        Q.   Yes, your present address.

18        A.   (No audible response).

19        Q.   Where's your home?

20        A.   284 Crescent Street.

21        Q.   284 Christy?

22        A.   Crescent.  284 Crescent.

23        Q.   Where is that?

24        A.   Brooklyn.

25        Q.   Brooklyn?

A 38 494 554                     14                    May 27, 1994

jw

1          A.    Yeah.

2          Q.    Zip code?

3          A.    Zip code would be 11208.

4          Q.    And the person who's sitting next to you, is he

5     your lawyer?

6          A.    Yes.

7          Q.    Is he authorized to speak on your behalf?

8          A.    (No audible response).

9          Q.    Can he speak for you today?

10         A.    Yeah.

11    JUDGE FOR THE RECORD

12         Pertained in the record of proceeding, I have several

13    documents.  Exhibit 1 being an Order to Show Cause and notice of

14    hearing.  Exhibit 2, copy of an immigrant visa and alien

15    registration cover sheet.  I think those are the only two

16    documents I have marked as exhibits.

17    JUDGE TO MR. RAMADAN

18         Q.    There are seven factual allegations contained in

19    the Order to Show Cause.  How do you plead to them?

20         A.    We admit allegation one on behalf of my client.  I

21    admit allegation two, allegation three, allegation four, and I'm

22    not sure as to five and six.

23    JUDGE FOR THE RECORD

24         The Court has contained in the record of proceedings it

25    appears to be a record of conviction for a Stephen Tso,

A 38 494 554                    15                    May 27, 1994

jw

1    indictment number 1125, two of '89, guilty for trial on August

2    7th, 1990, part 73; sentencing was September 26th, 1990.

3            The second one plea on February 5th, 1990 for a trial,

4    Supreme Court, State of New York.

5    MR. RAMADAN TO JUDGE

6            Q.    Yeah, I found it.

7            A.    All right.

8    JUDGE TO MR. RAMADAN

9            Q.    So with respect to five?

10           A.    Admit.

11           Q.    And six?

12           A.    Admit.

13           Q.    Seven?

14           A.    Admit.

15   JUDGE FOR THE RECORD

16           The Court will mark the records of convictions as

17   Exhibit 3.

18   MR. RAMADAN TO JUDGE

19           Q.    Judge, if you will excuse me, on seven I am not in

20   a position to plead to that.

21           A.    Deny?

22           Q.    Yes.

23   JUDGE TO MR. RAMADAN

24           Q.    And with respect to grounds of deportability?

25           A.    Admit.

A 38 494 554                      16                     May 27, 1994

jw

1          Q.   In the event of deportation, do you designate a

2   country?

3          A.   Yes, China.

4          Q.   Relief?

5          A.   212(c), Judge.

6          Q.   Do you have the application?

7          A.   Not at this time.  I'd like a date for filing.

8          Q.   If I give you until June 27th, that will be

9   sufficient time, 1994?

10         A.   I believe so, Judge.

11         Q.   Failure to file will be considered abandonment and

12   a waiver of that claim and the Court can proceed with an order at

13   that time.  April 24th, 1995 at 9 o'clock?

14         A.   Okay.

15         Q.   Best language?

16         A.   Cantonese.

17   JUDGE TO MR. SUI

18         Q.   To the respondent, should you file your

19   application in a timely manner, you're going to have a hearing on

20   the merits of this case on April 24th, 1995 at 9 o'clock in the

21   morning.  I'm going to tell you if you fail to appear, there are

22   certain consequences for your failure to appear. I'm going to

23   give you in writing those consequences both in English and in

24   Spanish as I'm required to do, and this blue change of address

25   form.  In the event you should change your address, you must

A 38 494 554                 17              May 27, 1994

jw

1    notify the Court within five days.

2           Do you understand?

3           A.   Yes.

4    JUDGE TO MR. RAMADAN

5           Q.   Counsel, do you waive a formal reading of 242(b)?

6           A.   Yes, Judge.

7           Q.   This is for your client.  Please give this copy to

8    Mr. Jankun.

9    JUDGE TO COUNSEL

10          Q.   Anything else from the parties?

11          A.   (Mr. Jankun)  Nothing further, Judge.

12          Q.   (Mr. Ramadan)  Nothing further, Judge.

13    JUDGE FOR THE RECORD

14          If nothing further, this matter is adjourned.

15                     <u>HEARING CONTINUED</u>

16

17

18

19

20

21

22

23

24

25

A 38 494 554              18             May 27, 1994

1    KAREN P. HEWITT
     United States Attorney
2    RAVEN M. NORRIS
     Assistant U.S. Attorney
3    California State Bar No. 232868
     CAROLINE J. CLARK
4    Assistant U.S. Attorney
     California State Bar No. 220000
5    United States Attorney's Office
     880 Front Street, Room 6293
6    San Diego, California 92101-8893
     Telephone: (619) 557-7157/7491
7    Facsimile: (619) 557-5004

8    Attorneys for Respondents

9                        UNITED STATES DISTRICT COURT

10                     SOUTHERN DISTRICT OF CALIFORNIA

11   SUI HUAN CAO,                        )    Case No. 08cv0511-DMS (BLM)
                                          )
12                  Petitioner,           )
                                          )
13        v.                              )
                                          )    EXHIBIT G
14   MICHAEL  CHERTOFF,  Secretary  of the)
     Department of Homeland Security; MICHAEL)
15   MUKASEY,  Attorney  General;  ROBIN  F.)
     BAKER, Director of San Diego Field Office;)
16   U.S. Immigration and Customs Enforcement;)
     JOHN A. GARZON, Officer-in-Charge,   )
17                                        )
                                          )
18   _____)
                    Respondents           )

19

20

21

22

23

24

25

26

27
                              **EXHIBIT G**
28

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
26 Federal Plaza, Room 13-130
New York, N.Y.  10278

File No: 38- 494- 554                    Date: 10/2/95

In the Matter of                    )
                                    )
  SUI HUAN CAO                       )
                                    )   IN DEPORTATION/EXCLUSION PROCEEDINGS
Respondent/Applicant                )
                                    )
                                    )

ON BEHALF OF RESPONDENT/APPLICANT:          ON BEHALF OF SERVICE:
     M. RAMADAN , Esq                           J. Yi , Rep.

MEMORANDUM OF ORAL DECISION

THIS MEMORANDUM IS A SUMMARY OF THE ORAL DECISION RENDERED AT NEW YORK CITY, NEW YORK.  IF THE DECISION IS APPEALED, THE FULL TEXT OF THE DECISION AND ORDER WILL BE TRANSCRIBED AND PROVIDED TO THE PARTIES

_____ The Respondent was ordered deported to P.R. of CHINA or _____.
_____ The Respondent was granted/denied voluntary departure on or before
       _____ with an alternate order of deportation to

_____ The Respondent was granted/denied Suspension of Deportation under Section
       244(a) of the Act.
_____ The Respondent was granted/denied Adjustment of Status.
_____ The Respondent's adjustment of status was/not rescinded under Section 246
       of the Act.
_____ The Applicant has been ordered excluded and deported.
_____ The Applicant was admitted to the United States as a _____
       until _____.
_____ The Applicant's request to withdraw the application for admission to the
       U.S. was granted, provided departure occurs not later than _____
_____ The Applicant/Respondent was granted/denied Asylum/Withholding of
       Deportation under Section 208(a)/243(h) of the Act.
_____ The Applicant/Respondent was granted/denied a waiver under
       Section 212(c) of the Act, and proceedings were terminated. Concluded
_____ Requested relief pursuant to Section_____ of the Act was deemed to be
       abandoned because of failure to prosecute.
_____ The proceedings were terminated.
_____ The Service/Respondent/Applicant has reserved/waived appeal.  If appeal
       has been reserved, appeal must be filed by  10/12/95 .
_____ Other_____.

                                        _____
                                            Immigration Judge
9330D

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney's Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8  Attorneys for Respondents

9                    UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

11  SUI HUAN CAO,                        )   Case No. 08cv0511-DMS (BLM)
                                         )
12                     Petitioner,       )
                                         )
13           v.                          )
                                         )   EXHIBIT H
14  MICHAEL  CHERTOFF,  Secretary  of  the)
    Department of Homeland Security; MICHAEL)
15  MUKASEY,  Attorney  General;  ROBIN  F.)
    BAKER, Director of San Diego Field Office;)
16  U.S. Immigration and Customs Enforcement;)
    JOHN A. GARZON, Officer-in-Charge,    )
17                                         )
                       Respondents        )
18  _____)

19

20

21

22

23

24

25

26

27
                          **EXHIBIT H**
28

## NOTICE OF APPEAL TO THE BOARD OF IMMIGRATION APPEALS
## OF DECISION OF IMMIGRATION JUDGE

| In the Matter: | Fee Stamp |
|---|---|
| SUI HUAN CAO | |

File Number:  A 38 — 494 — 554

1. Appellant is currently ☐ DETAINED ☒ NOT DETAINED.

2. Specify reasons for this appeal and continue on separate sheets if necessary. If the factual or legal basis for the appeal is not sufficiently described the appeal may be summarily dismissed.

    The Immigration Judge erred in denying respondent relief from deportation pursuant to Section 212(c) of the INA.

    The I.J. abused his discretion by failing to properly weigh and balance the overwhelming positive factors presented, specifically evidence of rehabilitation, and by overemphasizing certain negative factors.

3. I ☐ do ☒ do not desire oral argument before the Board of Immigration Appeals in Falls Church, Virginia.

4. I ☒ am ☐ am not filing a separate written brief or statement.

X _Sui Huan Cao_
**Signature of Appellant**
*(or attorney or representative)*

SUI HUAN CAO

*(print or type name)*

October 11, 1995
**Date**

C/O MAHMOUD RAMADAN, ESQ.

299 Broadway — Suite 1400

New York, New York  10007

Address *(number, street, city, state, Zip code)*

---

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed first class, postage prepaid, on October 11, 1995 , to INS—Office of the Trial Attorney, 26 Federal Plaza, New York, New YOrk  10278 .

_signature_
**Signature of Appellant**
*(or attorney or representative)*

FORM EOIR-26
MAY 89

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney's Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8  Attorneys for Respondents

9              UNITED STATES DISTRICT COURT

10          SOUTHERN DISTRICT OF CALIFORNIA

11 SUI HUAN CAO,                          )   Case No. 08cv0511-DMS (BLM)
                                          )
12                   Petitioner,          )
                                          )
13         v.                             )
                                          )   EXHIBIT I
14 MICHAEL CHERTOFF, Secretary of the)
   Department of Homeland Security; MICHAEL)
15 MUKASEY, Attorney General; ROBIN F.)
   BAKER, Director of San Diego Field Office;)
16 U.S. Immigration and Customs Enforcement;)
   JOHN A. GARZON, Officer-in-Charge,    )
17                                        )
                     Respondents          )
18 _____)

19

20

21

22

23

24

25

26

27
                        **EXHIBIT I**
28

041

**U.S. Department of Justice**
Executive Office for Immigration Review

Falls Church, Virginia 22041

RECEIVED
US IMM. & N~~Decision of~~ the Board of Immigration Appeals

97 MAR 26  PM 3: 21    O'Sullivan

TRIAL ATTORNEY

File:    A38-494-554 - NYC                                    Date:

                                                                          MAR 2 4 1997
In re:   CAO, SUI HUAN

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Ramadan, Mahmoud, Esq.
                            299 Broadway., Suite 1400,
                            New York, NY 10007

APPLICATION:  Waiver of inadmissibility

ORDER:

    PER CURIAM.  You are seeking relief from deportation under section 212(c) of the
Immigration and Nationality Act, 8 U.S.C. § 1182(c).  However, you are statutorily ineligible for
such relief as an "alien who is deportable by reason of having committed any criminal offense
covered in section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section
241(a)(2)(A)(ii) for which both predicate offenses are covered by section 241(a)(2)(A)(i)." See
Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214
("AEDPA") § 440(d); Matter of Soriano, Interim Decision 3289 (A.G., Feb. 21, 1997).
Accordingly, your appeal is dismissed.

                        _____
                                FOR THE BOARD

1   KAREN P. HEWITT
    United States Attorney
2   RAVEN M. NORRIS
    Assistant U.S. Attorney
3   California State Bar No. 232868
    CAROLINE J. CLARK
4   Assistant U.S. Attorney
    California State Bar No. 220000
5   United States Attorney's Office
    880 Front Street, Room 6293
6   San Diego, California 92101-8893
    Telephone: (619) 557-7157/7491
7   Facsimile: (619) 557-5004

8   Attorneys for Respondents

9               UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11   SUI HUAN CAO,            )   Case No. 08cv0511-DMS (BLM)
                      )
12            Petitioner,   )
                      )
13         v.            )
                      )   EXHIBIT J
14   MICHAEL   CHERTOFF,  Secretary  of  the)
    Department of Homeland Security; MICHAEL)
15   MUKASEY,  Attorney  General;  ROBIN  F.)
    BAKER, Director of San Diego Field Office;)
16   U.S. Immigration and Customs Enforcement;)
    JOHN A. GARZON, Officer-in-Charge,     )
17                       )
           Respondents   )
18   _____)

19

20

21

22

23

24

25

26

27

28                     **EXHIBIT J**

U.S Department of Justice

Immigration and Naturalization Service

# Warrant of Removal/Deportation

File No:   A38 494 554

Date:   April 1, 1998

## To any officer of the United States Immigration and Naturalization Service:

CAO, Sui Huan  aka:  TSO, Steven

(Full name of alien)

who entered the United States at    or near New York, New York         on    or about December 23, 1983

(Place of entry)                    (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

☐ an immigration judge in exclusion, deportation, or removal proceedings
☐ a district director or a district director's designated official
☒ the Board of Immigration Appeals
☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

Section 241  (a)(2)(A)(ii) of the Immigration and Nationality Act.

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of: *appropriation "Salaries and Expenses, Immigration and Naturalization Service, 1998 ", including the expenses of an attendant if necessary.*

Yvonne A. Smullen

(Signature of INS official)

Assistant District Director For Detention & Deportation

(Title of INS official)

April 1, 1998       New York District

(Date and office location)

044

Form I-205 (Rev 4-1-97)N

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney's Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8  Attorneys for Respondents

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11 SUI HUAN CAO,                    )  Case No. 08cv0511-DMS (BLM)
                                    )
12            Petitioner,           )
                                    )
13       v.                         )
                                    )  EXHIBIT K
14 MICHAEL   CHERTOFF, Secretary of the)
   Department of Homeland Security; MICHAEL)
15 MUKASEY, Attorney General; ROBIN F.)
   BAKER, Director of San Diego Field Office;)
16 U.S. Immigration and Customs Enforcement;)
   JOHN A. GARZON, Officer-in-Charge,  )
17                                  )
              Respondents           )
18 _____)

19

20

21

22

23

24

25

26

27
                      **EXHIBIT K**
28



# UNITED STATES DEPARTMENT OF JUSTICE
## IMMIGRATION AND NATURALIZATION SERVICE
## 26 FEDERAL PLAZA
## NEW YORK, NY 10278

**FILE NUMBER :**   A38 494 554 TUY
**DATE :**   July 02, 1999

International Fidelity Ins. Co.
321 Broadway
New York, NY  10007

**RE :**   CAO, Sui Huan

**PURSUANT TO THE TERMS OF THE BOND POSTED BY YOU FOR THE RELEASE FROM CUSTODY OF THE ABOVE NAMED ALIEN(S), DEMAND IS HEREBY MADE UPON YOU TO SURRENDER SUCH ALIEN(S) FOR CUSTODY AT THE FOLLOWING DATE, PLACE AND TIME**

**DATE:**   August 06, 1999

**PLACE:**   26 Federal Plaza, Room 12-110, 12th Flr.
New York, NY  10278

**TIME:**   9:00am

**YOU ARE INFORMED THAT FAILURE TO SURRENDER THE ALIEN(S) IN ACCORDANCE WITH THIS DEMAND WILL RESULT IN STEPS BEING TAKEN TOWARD THE BREACHING OF THE ABOVE MENTIONED BOND AND ITS FORFEITURE TO THE GOVERNMENT.**

Very Truly Yours,

Edward J. McElroy
District Director
New York District

CERTIFIED MAIL RETURN RECEIPT REQUESTED
I-340   (C)

046



**UNITED STATES DEPARTMENT OF JUSTICE**
**IMMIGRATION AND NATURALIZATION SERVICE**
**26 FEDERAL PLAZA**
**NEW YORK, NY 10278**

FILE NUMBER :    A38 494 554 TUY
DATE :    July 02, 1999

International Fidelity Ins. Co.
321 Broadway
New York, NY  10007

RE :    CAO, Sui Huan

**PURSUANT TO THE TERMS OF THE BOND POSTED BY YOU FOR THE RELEASE FROM CUSTODY OF THE ABOVE NAMED ALIEN(S), DEMAND IS HEREBY MADE UPON YOU TO SURRENDER SUCH ALIEN(S) FOR CUSTODY AT THE FOLLOWING DATE, PLACE AND TIME**

DATE:    August 06, 1999

PLACE:    26 Federal Plaza, Room 12-110, 12th Flr.
New York, NY  10278

*Surr. w/valid PP*

*8/6/99*
*ailed to Sun*
*INS/ BOND BLUFF*

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *"Return Receipt Requested"* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:
International Fidelity Ins. Co.
321 Broadway
New York, NY   10007

4a. Article Number
*104 360*

4b. Service Type
☐ Registered          XX Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery
*7-15*

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)
X *Michael Stone*

8. Addressee's Address (Only if requested and fee is paid)

PS Form **3811**, December 1994         102595-98-B-0229       Domestic Return Receipt

047

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney's Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8  Attorneys for Respondents

9                   UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

11  SUI HUAN CAO,                    )  Case No. 08cv0511-DMS (BLM)
                                     )
12                 Petitioner,       )
                                     )
13           v.                      )
                                     )  EXHIBIT L
14  MICHAEL   CHERTOFF,   Secretary  of the)
    Department of Homeland Security; MICHAEL)
15  MUKASEY,  Attorney  General;  ROBIN  F.)
    BAKER, Director of San Diego Field Office;)
16  U.S. Immigration and Customs Enforcement;)
    JOHN A. GARZON, Officer-in-Charge,  )
17                                    )
                   Respondents        )
18  _____)

19

20

21

22

23

24

25

26

27
                         **EXHIBIT L**
28

U.S. Department of Justice

Immigration and Naturalization Service

# Record of Deportable/Inadmissible Alien

| Family Name (CAPS) | First | Middle | | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|---|
| CAO, Sui Huan | | | | | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | Case No: PHI0706000071 File Number A038 494 554 | | Height | Weight | Occupation |
|---|---|---|---|---|---|---|
| CHINA, PEOPLES REPUBLIC OF | | | | 69 | 170 | Cook |

| U.S. Address | | Scars and Marks |
|---|---|---|
| 7635 OVERBROOK AVE PHILADELPHIA, PENNSYLVANIA 19151 | | See Narrative |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F.B.I. Number | ☒ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated |
|---|---|---|---|
| 12/23/1983, Unknown Time, NYC, P4 | | 914467HA2 | |

| Number, Street, City, Province (State) and Country of Permanent Residence | | Method of Location/Apprehension |
|---|---|---|
| | | L 516.1 |

| Date of Birth | Date of Action | Location Code | At/Near Philadelphia, PA | Date/Hour 06/05/2007 0000 |
|---|---|---|---|---|
| 06/14/1970    Age: 36 | 06/05/2007 | PHI/PHI | | |

| City, Province (State) and Country of Birth | AR ☒ | Form: (Type and No.) | Lifted ☐ | Not Lifted ☐ | By |
|---|---|---|---|---|---|
| OTR, CHINA, PEOPLES REPUBLIC OF | | | | | See Narrative |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | Visitor | IN TRAVEL |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | 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 | OVER 1 YEAR |

| Immigration Record - See Narrative | Criminal Record |
|---|---|
| NEGATIVE - See Narrative | None known |

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | | Number and Nationality of Minor Children |
|---|---|---|
| | | 2 USC |

| Father's Name, Nationality, and Address, if Known Nationality: CHINA, PEOPLES REPUBLIC OF CAO, Chuang SAME AS SUBJECT | Mother's Present and Maiden Names, Nationality, and Address, if Known YE, Yun Di SAME AS SUBJECT |
|---|---|

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? Yes ☒ No ☐ | INS Systems Checks See Narrative | Charge Code Word(s) |
|---|---|---|---|

| Name and Address of (Last)/(Current) U.S. Employer | Type of Employment | Salary Hr. | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FIN #: 12599216

OTHER ALIASES KNOWN BY
TSO, STEVEN
CHO, STEPHEN


SCARS, MARKS AND TATTOOS
TATTOO ARM, LEFT UPPER
TATTOO ARM, RIGHT UPPER


APPREHENDED BY
DONNELL GRIFFIN
RYAN MORRIS
KEVIN WETZEL
KRISTIN VAN ARSDALE


INS SYSTEMS CHECKS
Central Index System Positive
Deportable Alien Control System Positive
Integrated Automated Fingerprint Identification System Positive
National Crime Information Center Positive


Narrative Title: Record of Deportable/Excludable Alien

| Alien has been advised of communication privileges. _____(Date/Initials) | RYAN MORRIS DEPORTATION OFFICER (Signature and Title of INS Official) |
|---|---|

| Distribution: File Stats Fug Ops | Received: (Subject and Documents) (Report of Interview) Officer: RYAN MORRIS on: June 5, 2007 18xxxat _____ (time) Disposition: Bag and Baggage Examining Officer: PATRICK S. MCCALLION |
|---|---|

049

Form I-213(Rev.4/1/97)Y

| Alien's Name | File Number | Date |
|---|---|---|
| CAO, Sui Huan | Case No: PHI0706000071<br>A038 494 554 | 06/05/2007 |

**Narrative Created by MORRIS**

Subject's alienage and deportability established through the following means:

1) Conversation with the Law Enforcement Support Center
2) Review of all ICE indices
3) Personal Field Interview with subject

**Encounter:**

On June 5, 2007, at approximately 0700 hours, this writer along with the officers mentioned above, attempted to locate A█████████ at his last known address of 7635 Overbrook Ave in Philadelphia, PA.  The said offices were permitted to enter the address by the subject's mother.  This writer interviewed the subject, and the subject stated that he knows the target, however the subject has not seen the target in about ten years.  The subject stated that the target lived in the Overbrook Ave address as a tenant renting a room, but moved out almost ten years ago.  The subject stated that he was a Citizen of China, and showed this writer a PADL (24 698 649) bearing the name Steven Sui-Huan Cao, but stated that his given name is CAO, Sui Huan.  The subject's given name was run in CIS by the LESC.  The LESC stated the subject's name and DOB was a match for the someone bearing the subject's A number.  The subject stated that he was before an Immigration Judge some time ago, but did not know the outcome of the case.  The subject was arrested as a fugitive wanted by this agency, and was transported to the Philadelphia Field Office where he was processed without incident.

**Immigration History/Status:**

Subject is a native and citizen of China.  Subject last entered the U.S. on December 23, 1983 at New York, NY as a P43(child of a P41, married son or daughter of a USC).  The subject was present before an Immigration Judge, on or about October 2, 1995.  At that time the subject was denied all forms of relief, and was ordered deported from the United States.  The subject appealed this decision to the Board of Immigration Appeals.  On April 24, 1997 the BIA also denied all forms of relief, and ordered the subject deported from the US.  The subject has been living as a fugitive wanted by the Department of Homeland Security since that date.  There is no evidence that the subject appealed this decision to any federal appeals court per the PACER system.

The subject claims that he has no applications or appeals pending at this time.

**Criminal History:**

The subject's fingerprints were live scanned and submitted into IDENT/IAFIS and revealed the following criminal history:

The subject was arrested in Philadelphia, PA on August 13, 1996 for the following crimes;

| Signature | Title |
|---|---|
| RYAN MORRIS | DEPORTATION OFFICER |

Form I-831 Continuation Page (Rev. 6/12/92)

U.S. Department of Justice
Immigration and Naturalization Service

Continuation age for Form    I-213

| Alien's Name | File Number<br>Case No: PHI0706000071 | Date |
|---|---|---|
| CAO, Sui Huan | A038 494 554 | 06/05/2007 |

Aggravated Assault, Criminal Conspiracy, PIC, Robbery, Theft by Unlawful Taking, Possession of a Weapon, Kidnapping, Receiving Stolen Property, Simple Assault, Terroristic Threats, Unlawful Restraint, and False Imprisonment.  On March 18, 1997 the subject plead guilty to Simple Assault, Terroristic Threats, Unlawful Restraint.  For this the subject received Probation.

The subject was arrested on December 16, 1988 in Queens County, NY for; Kidnapping, 1st Degree Robbery, Burglary with a Weapon, Criminal Use of a Firearm, Unlawful Imprisonment.  On April 3, 1990 the subject plead guilty to Attempted Robbery in the 2nd Degree, a class D felony and was sentenced to 1-3 years.

The subject was arrested in New York County on September 27, 1989 for the following offenses; 3 counts of 1st degree Robbery, Burgulary, Criminal use of a Firearm, Criminal Possession of a Weapon, Criminal Possession of Stolen Property.  On September 25, 1990 the subject plead guilty to 1st degree Robbery, and was sentenced to 2-6 years.

Processing Disposition:

The subject will be processed as a Criminal Fugitive and transferred to an Immigration Detention Facility pending his removal.

Miscellaneous Information:

The subject claims to be in good medical condition.  The subject claims no health problems.

The subject has no known equity in the US.

It is unknown if the subject has an Immigration Attorney on file, as the file is located in the LESC.

The subject was informed of his right to communicate with the Consulate of China.  The subject refused to acknowledge this right, and refused to sign or state his wish to communicate with the Consulate.

Consular notification is mandatory therefore it will be done.

The subject Alien file is located in the LESC, and will be requested via DHL.

| Signature | Title |
|---|---|
| RYAN MORRIS | DEPORTATION OFFICER |

Form I-831 Continuation Page (Rev. 6/12/92)

051

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney's Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8  Attorneys for Respondents

9              UNITED STATES DISTRICT COURT

10          SOUTHERN DISTRICT OF CALIFORNIA

11 SUI HUAN CAO,                    )  Case No. 08cv0511-DMS (BLM)
                                    )
12              Petitioner,         )
                                    )
13        v.                        )
                                    )  EXHIBIT M
14 MICHAEL CHERTOFF, Secretary of the)
   Department of Homeland Security; MICHAEL)
15 MUKASEY, Attorney General; ROBIN F.)
   BAKER, Director of San Diego Field Office;)
16 U.S. Immigration and Customs Enforcement;)
   JOHN A. GARZON, Officer-in-Charge,  )
17                                  )
                Respondents         )
18 _____)

19

20

21

22

23

24

25

26

27
                        **EXHIBIT M**
28

**Department of Homeland Security**
**Immigration and Customs Enforcement**

---

*446 Alta Road, Suite 5400*
*San Diego, CA 92158*

November 28, 2007

Consulate of The People's Republic of China
443 Shatto Place
Los Angeles, CA 90020
Tel: (213) 807-8088
Fax: (213) 807-8091

Dear Consul Zhang Kaibin:

**RE:    CAO, SUI HUAN        A38 494 554**

Please issue a travel document for the above named individual(s), so we may effect his removal to The People's Republic of China.

Enclosed, you will find (4) photos, a completed travel document application(s), Information for Travel Document or Passport (Form I-217), Immigrant Visa and Alien Registration (OF-155), Petition for Immigrant Visa and Alien Registration, BIA Waiver of Inadmissibility, Immigration Judge Order, Record of Deportable/Inadmissible Alien (Form I-213), Order to Show Cause and Notice of Hearing, abstract of judgment, and a prepaid/self-addressed returned DHL envelope. Please call (619) 710-8334 to schedule a telephonic interview, or if we can be of assistance. Our fax is (619) 710-8397.

Thank you for your prompt response to the above request. Your cooperation and assistance in this matter are greatly appreciated.

Sincerely yours,

Edwardo S. Ritualo
Deportation Assistant
Detention and Removal Operations

Enclosures

053

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney's Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8  Attorneys for Respondents

9            UNITED STATES DISTRICT COURT

10          SOUTHERN DISTRICT OF CALIFORNIA

11  SUI HUAN CAO,                     )  Case No. 08cv0511-DMS (BLM)
                                      )
12              Petitioner,           )
                                      )
13        v.                          )
                                      )  EXHIBIT N
14  MICHAEL  CHERTOFF,  Secretary  of  the)
    Department of Homeland Security; MICHAEL)
15  MUKASEY,  Attorney  General;  ROBIN  F.)
    BAKER, Director of San Diego Field Office;)
16  U.S. Immigration and Customs Enforcement;)
    JOHN A. GARZON, Officer-in-Charge,   )
17                                    )
                Respondents           )
18  _____)

19

20

21

22

23

24

25

26

27
                    **EXHIBIT N**
28

# POST ORDER CUSTODY REVIEW WORKSHEET

**Detainee Name:** CAO, Sui Huan

**AKA(s):**

**Date of Birth:** 06/14/70                    **A Number:** 38 494 554

**Place of Birth:** China                      **Nationality:** China

**Date of Last Arrival:** 12/23/83             **Place of Arrival:** New York, N.Y.

**Status at Last Entry:** Immigrant (P43)      **Last Date into ICE Custody:** 06/05/07

**Entered ICE Custody from:** ☐ **Local, State, or Federal Institution**
**Institution Name/Location: Donavan State Prison**
**BOP/ Institution Numbers:**

☐ **Other:**

**Deportation Case Officer:** M. Coronado          **Review Date:** 01/14/07
          **Contact Phone #:** (619) 710-8383

**ICE Location Detained and DCO:** Otay Detention Facility, San Diego, CA.

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**     ☐  Section 237 (a) (2)(A)(iii)
                          ☐  Section 212 (a)
                          ☒  Section 241 (a) (2)(A)(ii)

☒ Under <u>Final Order</u> dated: <u>April 24, 1997,</u> By ☐ IJ ☒ BIA ☐ Other:

☒ Appeal Waived/Appeal Time Elapsed

Habeas filed: ☐ Yes/ Date & Location filed          ☒ No

Stay Issued in Case: ☒ No ☐ Yes/Why and Who Issued

## Legal Representative / Attorney

**G-28 Filed:** ☐ Yes  ☒ No

**Notification of Review Made:** ☒ No  ☐ Yes  **By:**

**Name of Representative / Attorney:** N / A

**MailingAddress:**                    **Telephone Number:**
**Present during**                     **interview:** ☐ Yes ☒ No

055

(Rev. 1/19/05)              Page 1

**Immigration History:** (Prior ICE arrest[s]/parole/bond/custody information/adjustment/benefits granted (TPS, DED, withholding, etc.)

CAO entered the United States at New York, NY on December 23, 1993 as an immigrant. On April 4, 1993, CAO was served with an Order to Show Cause charging him as deportable from the United States based on multiple criminal convictions.

On October 2, 1995, an Immigration Judge ordered CAO deported from the Unites States to China. CAO appealed this decision to the Board of Immigration Appeals (BIA), and on April 24, 1997, the appeal was dismissed. CAO was on bond at the time and failed to report for deportation. The San Diego DRO Fugitive Operations Team apprehended CAO on June 5, 2007.

**NCIC Checks:**     ☒ Criminal History        ☐ No record Found
                        (State and Federal)

**Criminal History:** (list convictions, sentence, date, court, and include a summary of other NCIC arrests, failures to appear, etc.)

03/18/98 – Simple assault, Terrorist threats, Unlawful restraint – Felony - Convicted – Unknown sentence, Pennsylvania.

04/03/90 – Kidnap w/ intent to collect ransom, Attempted robbery 2nd degree - Felony – Convicted – 1-3 years incarcerated, New York.

09/25/90 – Robbery 1st degree: Force, Crim use F/arm 2nd – Felony – Convicted - 2-6 years incarcerated, New York.

(DO NOT FORWARD A COPY OF THE NCIC PRINTOUT TO HQCDU)

056

## **Institutional / Disciplinary Record**

**Did the detainee have prior Disciplinary Reports?**     ☐ Yes     ☒ No

If Yes, List & Describe: Behavior that could lead to Violence, Failure to Report, Giving Inmate a Tattoo, Tattoos/Receiving a Tattoo, Failure to Report to Job Assignment,

**Disciplinary reports and incidents while in ICE Custody?**     ☐ Yes     ☒ No

If Yes, List & Describe:

    Source:

## **Specifics of Review**

**Date of File Review:** 01/14/08

**Date of Detainee Interview:** (optional)

**Location of Interview:**

**Reviewing/Interviewing Officer:** #1: M. Coronado

                    #2:

**Interpreter Used:** (If subject was interviewed)     ☐ Yes     ☒ No
**Name:**
**Language/Dialect:**

**Discussion at interview/review:**

Only file review conducted.

**Travel Document Status/History:**

List aliens attempts to get travel documents and status (to include any actions alien has taken to *prevent* removal, and date of service of I-229(a) and Instruction Sheet to Detainee):

Served I-229 on 01/07/08. Completed Chinese passport application.

List ICE's attempts to obtain a travel document and status:

On November 28, 2007, the Removal Unit mailed a travel document request to the Consulate of China in Los Angeles, CA. Several attempts to contact the Chinese consulate have been made but no response has been received.

**Does the detainee have a place to live in the United States?**  ☒ Yes  ☐ No
    7635 Overbrook Ave
    Philadelphia, PA 19157
    (215) 879-0794 (267) 334-4426

**Is the detainee subject to any parole or probation requirements?**  ☐ Yes  ☒ No
    N / A

**Does the detainee have close family ties within the United States?**  ☒ Yes  ☐ No
    Sister  Qing Cao (267)▓▓▓▓▓
           Blockwood, NJ
    Sister  Jioug Cao (215)▓▓▓▓
    Aunt   (917)▓▓▓
    Aunt   (610)▓▓▓

**Does the detainee have community ties or non-governmental sponsors?**  ☒ Yes  ☐ No
    After school volunteer / community service
    David Seng (267)▓▓▓

**Does the detainee have any employment prospects?**  ☒ Yes  ☐ No
    TE Trucking Co      Tommy Cheung
    145-18 156 St #G2    (646)▓▓▓
    Lamair, NY 11434

**What is the detainee's employment history?**
    Same as above and  KO-WAN Restaurant
           3326 West Morning Ave
           Philadelphia, PA 19134

**What is the detainee's educational level?**
    Describe:   Claims High School graduate

**Does the detainee have any vocational training?**  ☒ Yes  ☐ No
    Trained as volunteer at after school community service
    Managed restaurant for 10 years
    Drove truck for 3 years

**Has the detainee submitted any evidence of rehabilitation, courses while in prison, etc?**
☐ Yes  ☒ No

## Medical/Psychological Concerns

**Does the detainee have any medical or psychological issues:**  ☐ Yes  ☒ No

**Description (to include Date and Source):**

N / A

**Other documentary evidence for consideration in this review (include any documentation submitted by detainee):**

> None provided.

## Special Circumstances Concerns

**Does the detainee appear to meet any of the criteria of 8 CFR 241.14 for continued detention?**

☒ No          ☐ Yes (indicate below):

☐ Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐ Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐ Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☐ Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

**All cases that may possibly meet any of these provisions must be coordinated with HQCDU per existing guidance.**

060

## Officer Comments/Analysis & Recommendation

CAO is a 37-year-old male native and citizen of China who entered the United States on December 23, 1983, at New York, NY as a P41 Legal Permanent Resident. On October 2, 1995, an Immigration Judge ordered CAO removed from the United States to China. CAO's appeal to the BIA was dismissed on April 24, 1997. CAO failed to surrender for Removal and was a fugitive until his apprehension on June 5, 2007.

A review of CAO's A-file reveals three serious felony convictions, two in 1990 and one in 1998. On April 3, 1990 he was convicted of kidnapping with intent to collect ransom, and attempted robbery 2nd degree. CAO was sentenced to 1-3 years of incarceration in New York. On September 25, 1990 CAO was convicted of robbery 1st degree: Force, Crim use F/arm 2nd degree, and was sentenced to 2-6 years incarceration in New York.

On March 18, 1998, he was convicted of simple assault, terrorist threats, and unlawful restraint. CAO received an unknown sentence for these crimes in Pennsylvania. CAO's criminal history clearly demonstrates that he is a violent person with no respect for the law or the lives of others. He has shown a propensity for violence and has demonstrated a callous and dangerous criminal lifestyle, which deems him a threat to the community.

In addition, CAO has not shown himself to be remorseful for his crimes, nor has he shown any signs of rehabilitation. CAO was a fugitive from deportation for over 10 years until he was encountered and arrested.

Based on the violent nature and severity of CAO's criminal history, the likelihood that he will re-offend, and the fact that he has not proven to ICE that he has in good faith changed his disruptive behavior, it is this officer's belief that CAO still poses a great danger to the community. For these reasons, I recommend CAO remain detained.

---

Reviewing Officer #1
Name/Title:   Kent D. Haroldsen – SDDO

Date: 01-18-08
Signature:

---

Reviewing Officer #2
Name/Title:   Eddie C. Johnson – SDDO

Date: 01-18-08
Signature:

---

Supervisory Reviewing Officer
Name/Title:   John A. Garzon - AFOD

Date: 1/22/08
Signature:

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney's Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8  Attorneys for Respondents

9                    UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11 SUI HUAN CAO,                    )  Case No. 08cv0511-DMS (BLM)
                                    )
12              Petitioner,         )
                                    )
13         v.                       )
                                    )  EXHIBIT O
14 MICHAEL  CHERTOFF,  Secretary of the)
   Department of Homeland Security; MICHAEL)
15 MUKASEY, Attorney General; ROBIN F.)
   BAKER, Director of San Diego Field Office;)
16 U.S. Immigration and Customs Enforcement;)
   JOHN A. GARZON, Officer-in-Charge,  )
17                                   )
                Respondents         )
18 _____)

19

20

21

22

23

24

25

26

27
                        **EXHIBIT O**
28

062



*ce of Detention and Removal Operations*
*. Diego Field Office*

**U.S. Department of Homeland Security**
880 Front Street
San Diego, California 92101

# U.S. Immigration and Customs Enforcement

CAO, Sui Huan                                                                          A 38 494 554
C/O Corrections Corporation of America
Otay Detention Facility
446 Alta Road, Suite 5400
San Diego, California 92158

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

*Information from your immigration file reveals the following: You arrived in the United States in 1983, at the age of 13. By the time you reached your 20th birthday you had already been convicted of four serious felony crimes. Several years later you were again convicted of three serious felony crimes. You have demonstrated a flagrant disregard for the laws of the United States as well as for the lives of the general public. For the reasons stated above, ICE has found that it would not be in the best interests of the general public to release you at this time.*

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by April 14, 2008, jurisdiction of the custody decision in your case will be transferred to the Headquarters Custody Determination Unit (HQCDU), 801 I St. NW, Washington, DC 20536. HQCDU will make a final determination regarding your custody.

_____                        1/23/8
Signature and Title of Deciding Official                        Date

063

1 | KAREN P. HEWITT
United States Attorney
2 | RAVEN M. NORRIS
Assistant U.S. Attorney
3 | California State Bar No. 232868
CAROLINE J. CLARK
4 | Assistant U.S. Attorney
California State Bar No. 220000
5 | United States Attorney's Office
880 Front Street, Room 6293
6 | San Diego, California 92101-8893
Telephone: (619) 557-7157/7491
7 | Facsimile: (619) 557-5004

8 | Attorneys for Respondents

9 | UNITED STATES DISTRICT COURT

10 | SOUTHERN DISTRICT OF CALIFORNIA

11 | SUI HUAN CAO,                              )  Case No. 08cv0511-DMS (BLM)
                                            )
12 |              Petitioner,                  )
                                            )
13 |      v.                                  )
                                            )  EXHIBIT P
14 | MICHAEL  CHERTOFF,  Secretary  of  the)
Department of Homeland Security; MICHAEL)
15 | MUKASEY,  Attorney  General;  ROBIN  F.)
BAKER, Director of San Diego Field Office;)
16 | U.S. Immigration and Customs Enforcement;)
JOHN A. GARZON, Officer-in-Charge,        )
17 |                                            )
                                            )
18 |              Respondents                 )
_____)

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |                         **EXHIBIT P**

28 |



**U.S. Department of Homeland Security**
Bureau of Immigration and Customs Enforcement
Office of the Field Director

---

*Detention and Removal Operations*
*880 Front Street, Suite 2242*
*San Diego, California 92101*

*February 19, 2008*

MEMORANDUM FOR MICHAEL BERMAN
                     HEADQUARTERS DETENTION AND REMOVAL
                     TRAVEL DOCUMENT UNIT

FROM:  Robin F. Baker
          Field Officer Director
          San Diego, CA

Subject: Travel Document Acquisition for Detained Alien
            CAO, Sui Huan A#38 494 554

    This request for assistance in obtaining an alien travel document for removal from the United States is being prepared and forwarded to your office for action. CAO is in service custody at the Otay Detention Facility, San Diego, California, and was ordered removed from the United States to Peoples Republic of China on October 12, 1995.

    On November 28, 2007 the Service has formally requested this issuance of a travel document from the Consulate General of China in Los Angeles, CA to effect the removal of CAO from the United States. On February 1, 2008 a phone inquiry and fax transmittal was sent to Consulate Official Zhang regarding the travel document acquisition. On February 21, 2008 another voice message was left and a fax was sent to the consul general office.

    Submission of this request to your office is being made in hopes that it can be elevated to the Headquarters level for further action. Please find attached copies of our cover letter to the Consulate General of China, completed passport application, Record of Deportable Alien (I-213), Order To Show Cause and Notice of Hearing (I-221), Order of the Immigration Judge, copy of fax transmittals and a copy of DHL tracking receipt from original travel document request that was sent to the consulate office.

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney's Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8  Attorneys for Respondents

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11 SUI HUAN CAO,                    )  Case No. 08cv0511-DMS (BLM)
                                    )
12              Petitioner,         )
                                    )
13         v.                       )
                                    )  EXHIBIT Q
14 MICHAEL CHERTOFF, Secretary of the)
   Department of Homeland Security; MICHAEL)
15 MUKASEY, Attorney General; ROBIN F.)
   BAKER, Director of San Diego Field Office;)
16 U.S. Immigration and Customs Enforcement;)
   JOHN A. GARZON, Officer-in-Charge,  )
17                                  )
                Respondents         )
18 _____ )

19

20

21

22

23

24

25

26

27
                     **EXHIBIT Q**
28

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney's Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8  Attorneys for Defendants

9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11 SUIHUAN CAO,                    )  Case No. 08cv0511-DMS (BLM)
                                   )
12              Petitioner,        )
                                   )  DECLARATION OF ERIC SALDANA
13        v.                       )
                                   )
14 MICHAEL CHERTOFF, Secretary of the)
   Department   of   Homeland   Security;)
15 MICHAEL MUKASEY, Attorney General;)
   ROBIN F. BAKER, Director of San Diego)
16 Field   Office;    U.S.   Immigration   and)
   Customs Enforcement; JOHN A. GARZON,)
17 Officer-in-Charge,              )
                                   )
18              Respondents.       )

19 DECLARATION OF ERIC SALDANA

20 I, Eric Saldana, do hereby declare and say:

21      1.  I am employed by the U.S. Department of Homeland Security (DHS), Immigration and

22 Customs Enforcement (ICE), in Los Angeles Field Office, as the Assistant Field Office Director. I have

23 held this position since August 2007. Prior to this position I held various positions with ICE and the

24 legacy Immigration and Naturalization Service (INS) since 1996.

25      2.  Since December 2007, I have been the ICE point of contact for the Chinese Consulate in Los

26 Angeles. As the point of contact, I regularly communicate with consular officials regarding the

27 repatriation of Chinese nationals in ICE custody. I am familiar with the process for repatriating

28 Chinese nationals.

067

1

2        3. On April 18, 2008, I met with an official from the Chinese Consulate in Los Angeles. We

3    discussed the status of ICE's request for travel documents for Sui Huan Cao, A38 494 554. The

4    consular official informed me that the request was still pending but that the Consulate was

5    hesitant to issue the travel documents because of humanitarian factors relating to Mr. Cao.

6        I declare under penalty of perjury of the laws of the United States of America that the

7    foregoing is true and correct.

8        Executed this _28_ day of April 2008.

9                                Eric Saldana

10                               Assistant Field Office Director
                                 Los Angeles Field Office

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              3

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN M. NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   CAROLINE J. CLARK
4  Assistant U.S. Attorney
   California State Bar No. 220000
5  United States Attorney's Office
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 557-7157/7491
7  Facsimile: (619) 557-5004

8  Attorneys for Respondents

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11  SUI HUAN CAO,                    )   Case No. 08cv0511-DMS (BLM)
                                     )
12              Petitioner,          )
                                     )
13        v.                         )
                                     )   EXHIBIT R
14  MICHAEL CHERTOFF, Secretary of the)
    Department of Homeland Security; MICHAEL)
15  MUKASEY, Attorney General; ROBIN F.)
    BAKER, Director of San Diego Field Office;)
16  U.S. Immigration and Customs Enforcement;)
    JOHN A. GARZON, Officer-in-Charge,  )
17                                   )
                Respondents          )
18  _____)

19

20

21

22

23

24

25

26

27
                        **EXHIBIT R**
28

FILED

03 JUN -2 PM 3: 52

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KININE KIM,<br><br>                    Petitioner,<br><br>v.<br><br>JOHN ASHCROFT, ET AL.<br><br>                    Respondents. | CASE NO.   02CV1524-J (LAB)<br>                 A25-289-140<br><br>**ORDER GRANTING MOTION<br>FOR RECONSIDERATION** |

On August 5, 2002, Petitioner Kinine Kim, represented by counsel, filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. He challenged his custody by the Immigration and Naturalization Services ("INS") alleging that he has been indefinitely detained in violation of 8 U.S.C. § 1231(a)(6) and sought release from custody under the conditions of supervision set out in 8 U.S.C. § 1231(a)(3). The Court initially denied the Petition without prejudice as to refiling and later granted the refiled Petition and ordered that Petitioner be released on bond. Respondent timely filed its Motion to Alter or Amend the Judgment pursuant to Rule 59(a), (e). For the reasons set forth below, the Motion is granted, the renewed Petition for Writ of Habeas Corpus is denied and Respondent may continue to detain Petitioner. The Court grants Petitioner leave to refile his petition in six months if he has not been removed at that time and is able to plead facts sufficient to satisfy *Zadvydas v. Davis,*

- 1 -

02cv1524-J (LAB)

1 | 533 U.S. 678 (2001).

2 | *Background*[1]

3 |     Petitioner is a Cambodian national and refugee from Thailand who became a permanent

4 | resident on February 10, 1983. The state of California convicted him of assault with a firearm

5 | upon a person in violation of the California Penal Code § 245A(2); second degree burglary in

6 | violation of California Penal Code § 459; and driving with a suspended/revoked driver's

7 | license and failing to pay the $792 fine. When he filed his Petition on August 5, 2002, he had

8 | been in the custody of the Immigration and Naturalization Service ("INS") since November

9 | 19, 2001 and had been the subject of a final order of removal since January 17, 2002.

10 | Petitioner's January 22, 2002 request for a travel document from the Cambodian government

11 | was denied on January 25, 2002. The Cambodian government denied the application because

12 | it had no repatriation agreement with the United States. On March 22, 2002, the United States

13 | and the Cambodian government signed a "Memorandum Between the Government of the

14 | United States and the Royal Government of Cambodia for the Establishment and Operation

15 | of a United States-Cambodia Joint Commission on Repatriation," (hereinafter

16 | "Memorandum"), providing procedures for the repatriation of each other's nationals to their

17 | home state. After the Memorandum was signed, Petitioner filed a new application for travel

18 | documents on April 8, 2002. He was interviewed by Cambodian officials in early October

19 | 2002. At the time Petitioner filed, the Cambodian government had not decided whether to

20 | repatriate him.

21 |     In its Answer to the Petition, Respondent requested a stay of the proceedings pending

22 | the INS' review of Petitioner's circumstances to determine if there was a significant likelihood

23 | of removal in the reasonably foreseeable future pursuant to interim rules that have since been

24 | codified at 8 C.F.R. § 241.13. The Court found that although the six month period during

25 | which detention is presumptively reasonable had passed, that Petitioner had not met his burden

26 | of showing good reason why there is no significant likelihood of removal in the reasonably

27 | _____

28 |     [1]   These facts are set forth in the Court's Order Denying Petition Without Prejudice and are reiterated here for convenience.

1   foreseeable future. The Court denied the Petition without prejudice as to refiling if, within 45

2   days, the Government of Cambodia had not responded or had denied repatriation.

3       Petitioner renewed his Petition after the 45 days had passed. This time, the Court

4   granted the Petition, stating that although the Untied States and Cambodian governments were

5   cooperating to repatriate Cambodian nationals detained by the INS, that

6  
7  
> Respondent ha[d] not made a sufficiently strong showing that Petitioner's repatriation [was] likely in the foreseeable future given that Petitioner ha[d] been in INS custody since November 19, 2001 and that his order of removal ha[d] been final since January 17, 2002.

8  

9   *Order Granting Petition for Writ of Habeas Corpus* (March 3, 2003) at 2.

10       Respondent raises two distinct but related issues, contending that the Court

11   impermissibly shifted the burden of proof to the Respondent and that application of the correct

12   standard requires that the Petition be denied because "the passage of time alone is not

13   sufficient to require the release of an alien detainee." *Mem. of P & A.* at 2. According to

14   Respondent, the burden remains with the alien to *prove* that his removal is not significantly

15   likely in the foreseeable future." *Id.* (emphasis added). The Court acknowledges that its March

16   3, 2003 Order imprecisely recited the standard, but disagrees with Respondent's contentions

17   that the alien must *prove* that removal is not significantly likely in the foreseeable future and

18   that the length of detention alone is always insufficient to show that there is good reason to

19   conclude that there is no significant likelihood of removal in the reasonably foreseeable future.

20   The Court nonetheless agrees with Respondent that continued detention is authorized under

21   *Zadvydas.*

22                        ***Discussion***

23       The Attorney General has the discretion to arrest and detain certain classes of aliens,

24   including those who like Petitioner, who are removable because they have been convicted of

25   specified crimes, pending a decision on whether the alien is to be removed from the United

26   States. 8 U.S.C. § 1226(a)(2), (c). Generally, an alien must be removed within 90 days of an

27   issuance of a final order of removal. 8 U.S.C. § 1231(a)(1). However, "under no circumstance

28   during the removal period" shall the Attorney General release an alien who has been found

- 3 -

1  inadmissible because he has committed certain crimes specified and defined in sections
2  1182(a)(2), (3) or section 1227(a)(2), (a)(4)(B). 8 U.S.C. § 1231(a)(2). In *Zadvydas v. Davis*,
3  533 U.S. 678 (2001), the United States Supreme Court rejected the Government's argument
4  that section 1226(a)(2) authorized indefinite detention and read into the section as implicitly
5  limiting an alien's post-removal period detention to a period reasonably necessary to bring
6  about that alien's removal from the United States. *Id.* at 690.

7        Contrary to Respondent's argument, *Zadvydas* does not impose on the alien the burden
8  of *proving* that his removal is not significantly likely in the foreseeable future. Rather,
9  *Zadvydas* creates a burden-shifting procedure setting forth the burdens of proof for when
10 removal is reasonably foreseeable. Once the presumptively reasonable six-month period of
11 detention has expired, the alien must "provide [ ] good reason to believe that there is no
12 significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701; *Xi v. United*
13 *States I.N.S.*, 298 F.3d 832, 840 (9th Cir. 2002). *Zadvydas* thus sets forth what the alien must
14 plead and does not impose an evidentiary burden. *Fahim v. Ashcroft*, 227 F. Supp.2d 1359
15 (2002)(holding that petitioner did not allege a significant likelihood that his removal is unlikely
16 in the foreseeable future). Once the alien has provided "good reason," the Respondent "must
17 respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701; *Xi*, 298
18 F.3d at 840. The burden is therefore on Respondent to produce admissible, credible evidence
19 concerning the likelihood of removal in the foreseeable future. While the Court did not
20 specifically define "reasonably foreseeable future," it did set some parameters that guide our
21 understanding of the phrase. The alien must allege something more than that there is no
22 pending repatriation agreement and must consider the likelihood of successful future
23 negotiations, but the alien does not have to show "the absence of *any* prospect of removal."
24 *Id.* at 702 (emphasis in original).

25       The original Petition alleged that Petitioner had been in custody for longer than the
26 presumptively reasonable six month period and that it was not certain that he would be
27 removed in the reasonably foreseeable future because the Cambodian government had denied
28 travel documents for Cambodian detainees in San Diego because they, like Petitioner, were

- 4 -

02cv1524-J (LAB)

1  born in Thailand, and because Cambodian government officials had informed Petitioner during

2  his interview that he was not likely to receive travel documents because he was born in

3  Thailand. The Petitioner lodged documents showing that the other Cambodians were denied

4  travel documents for reasons other than those alleged by Petitioner, and the Court found that

5  the alleged statements by the Cambodian government officials were inadmissible hearsay.

6  Respondent produced evidence showing that the United States and Cambodian governments

7  were making progress in arranging for the repatriation of Cambodian nationals. Specifically,

8  the two countries had entered into the Memorandum on March 22, 2002. Moreover, Petitioner

9  had been interviewed by Cambodian government officials. The Memorandum had already

10  resulted in the removal of a number of Cambodian nationals. Thus, there were no institutional

11  barriers to repatriation.

12      The Court denied the original Petition subject to renewal because "Petitioner has not

13  shown good reason why there is no significant likelihood of removal in the reasonably

14  foreseeable future." *Order Denying Petition for Writ of Habeas Corpus* (Dec. 6, 2002) at 5.

15  The amended Petition, filed on February 4, 2003, alleged that the Cambodian government had

16  still not responded to Respondent's request for travel documents for the Petitioner and that

17  Petitioner remained in custody. In other words, Petitioner argued that the passage of time alone

18  demonstrated that Respondents were not able to effectuate his repatriation in the reasonably

19  foreseeable future.

20      In response to Petitioner's allegations in the amended Petition, Respondent filed an

21  amended Return and new evidence in the form of a declaration by an INS official stating that

22  two additional groups of Cambodians had in fact been repatriated since the original Return was

23  filed. Respondent argued that the renewed Petition should be denied because "the process is

24  functioning and . . . there is [no] evidence that Petitioners in particular have been rejected by

25  the Cambodian government." *Amended Return* at 4. In a footnote, Respondent stated that

26  another flight had been scheduled to Cambodia, "demonstrating that the March 22, 2002

27  memorandum is producing significant results in terms of an established removal process." *Id.*

28  n. 4.

-5-

02cv1524-J (LAB)

1    In *Fahim v. Ashcroft*, 227 F. Supp.2d 1359 (2002), another district court held that the

2    petitioner had not met his burden of alleging a significant likelihood that his removal is

3    unlikely in the foreseeable future. The facts of that case are strikingly similar to those here.

4    The petitioner "relie[d] on the bare fact that the Egyptian consulate ha[d] not yet issued any

5    travel documents for him despite the efforts of the INS to secure them" and on his family's

6    statement that the Egyptian consulate had not responded to their inquiries. *Id.* at 1365. The

7    petitioner alleged "that it is unknown whether the Egyptian government will ever issue the

8    requested travel documents." *Id.* The district court found that those bare allegations were

9    speculative and insufficient because they did not include allegations of institutional or

10    individual barriers to repatriation. Evidence showed that Egypt was in fact repatriating

11    nationals and "the lack of visible progress since the INS requested travel documents from the

12    Egyptian government" was not sufficient to show no significant likelihood of removal in the

13    foreseeable future.

14    In reaching its conclusion, the *Fahim* court relied heavily on the rationale set forth in

15    an opinion issued from this district. *See Khan v. Fasano*, 194 F. Supp.2d 1134 (S.D. Cal.

16    2001)(Keep, J.). *Khan* held that new information presented in support of a motion for

17    reconsideration showed that progress was being made for the petitioner's deportation and that

18    institutional barriers were therefore not present. *Id.* at 1136. The court rejected petitioner's

19    argument that the lack of visible progress showed that there are individual barriers. In the

20    court's view, the lack of visible progress "simply show[ed] that the bureaucratic gears of the

21    INS are slowly grinding away. Progress, however slow, is being made on his individual case:

22    travel documents have been requested and there is scheduled a meeting with the Pakistani

23    Consulate to discuss [petitioner's] status." *Id.* at 1137. The court also noted that the newly-

24    formed HQPDU, as a specialized unit within the INS, was entitled to significant deference

25    from the judiciary." *Id.*

26    ///

27    ///

28    ///

-6-

02cv1524-J (LAB)

075

1    Both the *Khan* and *Fahim* courts contrasted the facts of their cases with those of the

2 petitioners in *Zadvydas*. In *Zadvydas*, the Supreme Court addressed a situation where the

3 petitioners were nationals of countries with which the United States had no repatriation

4 agreement and the petitioners "faced detention that appeared to be 'indefinite and potentially

5 permanent.'" *Khan*, 194 F. Supp.2d at 1136; *Fahim*, 227 F. Supp.2d at 1366. There was,

6 therefore, "virtually no hope of repatriating [them] back to [their] native land[s]." *Fahim*, 227

7 F. Supp.2d at 1366.

8    This Court agrees with the *Khan* and *Fahim* courts that evidence of progress, albeit slow

9 progress, in negotiating a petitioner's repatriation will satisfy *Zadvydas* until the petitioner's

10 detention grows unreasonably lengthy.[2] At some point in time, however, lengthy detention

11 demands almost immediate repatriation or release on bond. What "counts as the 'reasonably

12 foreseeable future'" shrinks as the period of prior postremoval confinement grows. *Zadvydas*,

13 533 U.S. at 401. While the Court is unable to say precisely when detention becomes

14 unreasonably lengthy given the degree of certainty regarding removal, the Court is confident

15 that Petitioner's detention has not yet reached that point. Petitioner has been in custody

16 following his state prison sentence since November 19, 2001, or approximately one year and

17 four months at the time the Court granted the Petition. Petitioner's one year and four month

18 detention does not violate *Zadvydas* given Respondent's production of evidence showing that

19 the United States and Cambodian governments' negotiations are in progress and there is,

20 therefore, reason to believe that removal is likely in the foreseeable future.

21                                    ***Conclusion***

22    For the reasons set forth below, the Motion for Reconsideration is GRANTED, the

23 renewed Petition for Writ of Habeas Corpus is DENIED and Respondent may continue to

24 detain Petitioner. The Court grants Petitioner leave to refile his petition six months from the

25

26    [2]    The Court notes that the *Khan* court concluded that the petitioner had failed to meet his

27 burden of providing good reason to believe that there is no significant likelihood of removal in the

28 reasonably foreseeable future. *Khan*, 194 F. Supp.2d at 1137. This Court believes that conclusion
misstates the petitioner's burden, which is one of pleading not of proving.

- 7 -

02cv1524-J (LAB)

1  date stamped "Filed" on this Order if he has not been removed at that time and is able to plead

2  facts sufficient to satisfy *Zadvydas v. Davis*, 533 U.S. 678 (2001).

3      **IT IS SO ORDERED.**

4  DATED: ~~June 2, 2003~~

5                                        NAPOLEON A. JONES, JR.
                                         United States District Judge

6

7  cc:    All Parties

8         Robert Plaxico
          Office of the United States Attorney

9         Federal Office Building
          880 Front Street room 6293

10        San Diego California 92101-8893

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02cv1524-J (LAB)