```
 1  JANET C. TUNG
    California State Bar No. 231682
 2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
    225 Broadway, Suite 900
 3  San Diego, CA 92101-5008
    Telephone: (619) 234-8467
 4  Janet_Tung@fd.org

 5  Attorneys for SUIHUAN CAO
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE DANA M. SABRAW)**

| | |
|---|---|
| SUIHUAN CAO, | Civil Action No. 07-CV-0511-DMS (BLM) |
| Petitioner, | |
| v. | **DECLARATION OF COUNSEL** |
| MICHAEL CHERTOFF, et al., | |
| Respondents. | |

I, Janet Tung, hereby declare:

1. I am an attorney duly licensed to practice law in the State of California, in the United States District Courts for the Southern, Eastern, and Northern Districts of California, and in the United States Court of Appeals for the Ninth Circuit.

2. I am an employee of Federal Defenders of San Diego, Inc., and in that capacity have been appointed to represent Mr. Cao in this case.

3. On February 25, 2008, I spoke with ICE Officer William Pitt by telephone. I called him because I had received a voicemail message from Officer Pitt on February 22 requesting that I return his call. Officer Pitt wanted to know if I knew of any pending or imminent appeal or motion to reopen in Mr. Cao's immigration case. I told Officer Pitt that, as far as I knew, Mr. Cao had no appeals or motions pending in his immigration case. I informed Officer Pitt that I had no intention of filing a motion to reopen, as Federal Defenders of San Diego does not practice immigration law. I did not claim to know whether Mr. Cao hoped to reopen his case or not, as I had no personal knowledge of such matters at the time. I did not tell Officer

1 | Pitt that no motion to reopen would ever be filed.

4. I have not spoken on the telephone or otherwise corresponded with Officer Coronado regarding Mr. Cao's case. My communications with ICE regarding Mr. Cao have been with Officer Pitt, whom I believed to be the agent assigned to the case.

5. On March 13, 2008, I called Chinese Consular Officer Young, in response to his voicemail message requesting that I return his call, and spoke with him by telephone. Officer Young informed me that he was under the impression that legal actions in Mr. Cao's immigration case had not completely terminated, and that Mr. Cao's travel document application was still in "pending" status. Officer Young said he had no way of knowing how long the application would be pending.

6. In connection with the instant action, I was provided with and reviewed a copy of Mr. Cao's A-file. In that file was a form titled "Notice to EOIR: Alien Address." The form was dated April 7, 1994 and signed by an INS Officer. The form states that:

> Upon release from INS custody, respondent reported his/her address and telephone number will be:
>
> c/o CAO, JIAN CHANG
> 7635 Overbrook Ave
> Phil[a]delphia, PA 19151

A true and correct copy of that form is attached hereto as Exhibit A.

7. Also in the A-file was a transcript of a hearing for Mr. Cao conducted before Immigration Judge Sandy Hom on June 2, 1995. The transcript records questions the judge asked Mr. Cao, which includes the following exchange:

> Q: Sir, what is your name?
>
> A: Sui Huan Cao.
>
> Q: Where do you currently reside?
>
> A: 7635 Overbrook Avenue, Philadelphia.

A true and correct copy of this transcript is attached hereto as Exhibit B.

8. Also in the A-File was a document titled "Notice-Immigration Bond Cancelled." The document is addressed to "OBLIGOR: International Fidelity Ins. Co.," from the "United States Department of Justice Immigration and Naturalization Service," and indicates that its subject is "IMMIGRATION

BOND" for Suihuan Cao in the amount of $15,000. The document states: "The conditions of the above-described immigration bond have been fulfilled as to the above-named alien and you are no longer liable under such bond for this alien." The document is dated January 6, 2000, and bears the signature of the District Director of the INS "Debt, Management Bond Unit." A true and correct copy of this document is attached hereto as Exhibit C.

9. Also in the A-file was a document titled "Request for Review of Status of Alien Under Immigration Bond," addressed to "NYC" from "Bond Control Unit," regarding a $15,000 bond for Sui Huan Cao. The document indicates that the "status of the above referenced alien" is: "BOND HAS BEEN CANCELED." The form contains boxes for the options "BOND HAS BEEN DECLARED BREACHED" and "BOND SHOULD BE CONTINUED." Neither of these two boxes are checked. A true and correct copy of this document is attached hereto as Exhibit D.

10. Also in the A-file was a document titled "Deportation Case Check Sheet" for "Sui Huan CAO," which bears the signature of a deportation officer dated June 17, 1998. In the lower left of the form is the handwritten notation in capital letters: "LOST BOND/(BOND LOST)." A true and correct copy of this document is attached hereto as Exhibit E.

I certify under the laws of the State of California that the foregoing is true and correct. Executed in San Diego, California on March 19, 2008.

JANET TUNG
Declarant

# EXHIBIT A

**U.S. Department of Justice**
Immigration and Naturalization Service

Notice to EOIR: Alien Address

DATE: 4/7/94

TO: OFFICE OF THE IMMIGRATION JUDGE
Executive Office for Immigration Review
201 Varick St.
NY, NY

FROM: USINS
26 Federal Plaza, NYC 10278

RESPONDENT: CAO, SUI HUAN   A# 38 494 554

This is to notify you that this respondent is:

[ ] Currently incarcerated by other than INS. An Order to Show cause (Form I-221) has been served on the Respondent, and an Immigration Detainer-Notice of Action by Immigration and Naturalization Service (Form I-247) has been served with the institution shown below. He/she is incarcerated at:

His/her anticipated release date is:

[ ] Detained by INS at:

[ ] Detained by INS and was transferred this date to another location of detention at:

**INS Motion for Change of Venue attached.** [ ] Yes [ ] No

[ ] Released from INS custody on the following conditions(s):
   [ ] Personal Recognizance
   [ ] Order of Recognizance (Form I-220A)
   [X] Bond in the Amount of $ 15,000
      [X] Surety   [ ] Cash
   [ ] Other

[X] Upon release from INS custody, the respondent reported his/her address and telephone number will be:
c/o CAO, TIAN CHENG
7635 OVERBROOK AVE
Philidelphia, PA. 19151

[ ] Upon release from INS custody, the respondent was reminded of the requirements contained in Section 242B (a) (F) (ii), and was provided with a Form EOIR-33, Change of Address.

_____   DPO
Signature-INS Officer   Title-INS Officer

CH, YOUNG-SIM   26 Federal Pl.
Printed Name of INS Officer   Location

ORIG: OIJ
CC: A-FILE
Form I-830 (06-12-92)

# EXHIBIT B

U.S. Department of Justice
Executive Office for Immigration Review
Office of the Immigration Judge

Matter of                                             File A 38 494 554

SUI, HUAN CAO
AKA STEPHEN TSO,                              IN DEPORTATION PROCEEDINGS
      Respondent
                                               Transcript of Hearing

Before: SANDY HOM, Immigration Judge

Date: June 2, 1995                              Place: New York, New York

Transcribed by DEPOSITION SERVICES, INC. At Rockville, Maryland

Official Interpreter:

Language:

Appearances:

    For the Immigration and                    For the Respondent:
    Naturalization Service:

    Paul Sceto, Esquire                        Mahmoud Ramadan, Esquire

jw

1  JUDGE FOR THE RECORD
2          This is a deportation proceeding in the mater of Sui,
3  Huan Cao, A 38 494 554. Today is June 2nd, 1995 and this is
4  Immigration Judge Sandy Hom sitting in New York.
5          Representing the Service today is Mr. Paul Sceto and
6  representing the respondent in this matter is Mr. Mahmoud Ramadan
7  and he's at 299 Broadway, Suite 1400, New York, New York 10007.
8  Present is the respondent.
9  JUDGE TO MR. SUI
10         Q.   Sir, what is your name?
11         A.   Sui Huan Cao.
12         Q.   Where do you currently reside?
13         A.   7635 Overbrook Avenue, Philadelphia.
14         Q.   Seven?
15         A.   7635 Overbrook Avenue, Philadelphia.
16         Q.   Is Overbrook one word or two?
17         A.   Overbrook.
18         Q.   Yeah, is it one word or two words?
19         A.   It's one word.
20         Q.   One word. And that's in Philadelphia?
21         A.   Yes.
22         Q.   Do you know the zip code there?
23         A.   The zip code is 19151.
24         Q.   And the person sitting next to you is your
25  attorney?

A 38 494 554                  21                  June 2, 1995

jw

1       A.   Yes.

2  JUDGE FOR THE RECORD

3       This matter has been on the calendar for a merits
4  determination on May 9th, 1995. Respondent had failed to appear
5  at that time and the Court proceeded in the absence of the
6  respondent. It appeared later in the day that the respondent
7  appeared approximately 1:15 p.m. with counsel and his witnesses.
8  Counsel had indicated that it was his notation in his records
9  that indicated that the hearing would be at 1 o'clock.

10      Discussion was had between respondent's counsel and Mr.
11 Mark Hurley, Trial Attorney for the Immigration and
12 Naturalization Service in which they agreed that the matter can
13 be placed back on the calendar and it is on today for scheduling
14 of the merits hearing. The Court will reopen the matter and
15 place the matter on the merits calendar for a hearing. It has
16 been requested by respondent that Monday be the preferred date.
17 October 2nd, 1995 at 1 o'clock, 1 p.m.

18 JUDGE TO MR. RAMADAN

19      Q.   Do you require an interpreter for the witnesses?
20      A.   Yes, Your Honor.
21      Q.   Language?
22      A.   A Cantonese interpreter, Your Honor.

23 JUDGE TO MR. SUI

24      Q.   To the respondent, you have to be back here on
25 October 2nd, 1995 at 1 o'clock. I'm going to give you written

A 38 494 554                    22                    June 2, 1995

jw

1  notification as to the date, time and place of the hearing as
2  well as the consequences for your failure to appear. I also need
3  you to take that blue change of address form. Should you change
4  your address you must notify the Court within five days.
5  JUDGE TO MR. RAMADAN
6        Q.  Counsel, do you waive a formal reading of 242(b)?
7        A.  Yes, Your Honor
8        Q.  I only have one copy for the respondent. I have a
9  copy in the file, a copy will be sent out to both parties.
10       A.  Thank you.
11 JUDGE TO COUNSEL
12       Q.  Anything else?
13       A.  (Mr. Ramadan)  Not at this time?
14       A.  (Mr. Sceto)  Nothing else, Judge.
15 JUDGE FOR THE RECORD
16       This matter is adjourned.
17                        HEARING CONTINUED
18
19
20
21
22
23
24
25

A 38 494 554                    23                    June 2, 1995

# EXHIBIT C

**United States Department of Justice**
**Immigration and Naturalization Service**
26 FEDERAL PLAZA
NEW YORK, NY 10278

Power No. CP 99179

| | |
|---|---|
| File Number: | A38 494 554 DB/CCC |
| Date: | January 6, 2000 |
| SUBJECT: | |
| | IMMIGRATION BOND |
| Receipt Number | NYC-S-07431 |
| Date: | April 7, 1994 |
| Amount: | $15,000.00 |
| Alien's Name: | CAO, Sui Huan |

### Notice-Immigration Bond Cancelled

OBLIGOR:
International Fidelity Ins. Co.
321 Broadway
New York, N.Y. 10007

The conditions of the above-described immigration bond have been fulfilled as to the above-named alien and you are no longer liable under such bond for this alien. The nature of the security accepted on the bond is checked below. If the security was in the form of U. S. Bonds or Notes or cash, please comply with the pertinent instructions for the return of the security.

☒ SURETY BOND.

☐ UNITED STATES BONDS OR NOTES ACCEPTED AS SECURITY.
The United States Bonds or Notes accepted on the above-described immigration bond, and a check for any undistributed interest paid thereon, will be made available for return to you when the office shown below is informed of your preference for its delivery. Accordingly, would you please check the appropriate items below, sign, and return this form. IT WILL NOT BE NECESSARY FOR YOU TO APPEAR AT THIS OFFICE AT THIS TIME. YOU MAY MAIL THIS FORM TO THE BELOW ADDRESS.

☐ I prefer to receive my securities at the office shown below on a regular business day from between the hours of 9 a.m. and 4 p.m. I understand that these securities will not be available in that office until after ten days from the date on which I mail this form. I understand also that it is necessary for me to surrender my "Receipt of Immigration Officer-United States Bonds or Notes, or Cash, Accepted as Security on Immigration Bond") (Form I-300 or Form I-305) before my securities may be released.

☐ It would be more convenient for me to receive my securities at the Immigration and Naturalization Service office located at:

_____
(Street Address)      (City or Town, State)      (Zip Code)

☐ I prefer to receive my securities by express (collect), and hereby authorize delivery in that manner. I understand that it is necessary for me to surrender my "Receipt of Immigration Officer-United States Bonds or Notes, or Cash, Accepted as Security on Immigration Bond" (Form I-300 or Form I-305) before my securities may be released and accordingly this receipt is enclosed herewith.

☐ My address shown above is incorrect. The address to which the express company should deliver my securities is:

_____
(Street Address)      (City or Town, State)      (Zip Code)

| Signature of obligor: | Date: |
|---|---|

☐ UNITED STATES BONDS OR NOTES ACCEPTED AS SECURITY, REDEEMED.
The United States Bonds or Notes accepted on the above-described immigration bond were redeemed at maturity, or upon call, and converted to cash. Arrangement will be made for the return to you of the cash, plus any undistributed interest paid thereon, when the office shown below receives your "Receipt of Immigration Officer-United States Bonds or Notes, or Cash, Accepted as Security on Immigration Bond" (Form I-300 or Form I-305). Accordingly, please mail (Certified or Registered Mail is suggested) the above-mentioned receipt or bring it to that office on a regular business day between the hours of 9:00 a.m. and 4:00 p.m. Your security will be returned by a check which will be mailed to you as soon as possible after your receipt arrives. This notice will serve as your temporary receipt pending delivery of your check.

☐ CASH ACCEPTED AS SECURITY
Arrangement will be made for the return to you of the cash accepted on the above-described immigration bond, when the office shown below receives your "Receipt of Immigration Officer-United States Bonds or Notes, or Cash, Accepted as Security on Immigration Bond" (Form I-300 or Form I-305). Accordingly, please mail (Certified or Registered Mail is suggested) the above-mentioned receipt or bring it to that office on a regular business day between the hours of 9:00 a.m. and 4:00 p.m. Your security will be returned by a check which will be mailed to you as soon as possible after your receipt arrives. This notice will serve as your temporary receipt pending delivery of your check.

| IMMIGRATION AND NATURALIZATION SERVICE<br>70 KIMBALL AVE DEBT, MANAGEMENT BOND UNIT<br>SOUTH BURLINGTON VERMONT 05403-6813 | Signature | *[signature]* |
|---|---|---|
| | Title | DISTRICT DIRECTOR |

Form I-391 (Rev. 3-14-77)N

# EXHIBIT D

UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE
DEBT MANAGEMENT CENTER
70 KIMBALL AVENUE
SOUTH BURLINGTON, VT  05403-6813

DATE: 12/23/99

REQUEST FOR REVIEW OF STATUS
OF ALIEN UNDER IMMIGRATION BOND

TO:  NYC

A-FILE #: A38-494-554

ALIEN LAST NAME: CAO
ALIEN FIRST NAME: SUI HUAN

FROM: BOND CONTROL UNIT

AMOUNT:  $   15000.00
BOND RECEIPT #: NYC-S-007431

TYPE OF BOND:  DELIVERY (2)

IN CONNECTION WITH OUR QUARTERLY REVIEW OF THE RECORDS OF COLLATERAL ACCEPTED AS SECURITY ON IMMIGRATION BONDS, PLEASE ENTER THE STATUS OF THE ABOVE REFERENCED ALIEN IN THE SPACES PROVIDED HEREON AND RETURN THIS FORM TO THE ABOVE ADDRESS. A PHOTOCOPY OF THIS SIGNED FORM SHOULD BE FILED IN THE A-FILE.

DISPOSITION OF BOND (CHECK ONE):

( ) BOND A-FILE LOCATION HAS BEEN CHANGED TO: _____

( ) BOND HAS BEEN DECLARED BREACHED
    (COPY OF FORM I-323 IS ATTACHED)

(X) BOND HAS BEEN CANCELED
    (COPY OF FORM I-391 IS ATTACHED)

( ) BOND SHOULD BE CONTINUED (EXPLAIN BELOW)

EXPLANATION:

PRINTED NAME: ROBERT J. MARGIST

TITLE: DEPORTATION OFFICER

SIGNATURE: [signature]

DATE: 2/17/00

COPY FORWARDED TO BCY

# EXHIBIT E

# DEPORTATION CASE CHECK SHEET

FILE A- 38 494 554

ALIEN: CAO, Sui Huan AKA TSO, Steven AKA CHO, Stephen
ADDRESS: 579 Seneca Ave. #1L, Queens, NY

ATTORNEY OR REPRESENTATIVE: Ramadan, Mahmoud, Esq.
ADDRESS: 299 Broadway, Suite 1400, New York, NY 10007

| ACTION TO BE COMPLETED | Completed (Date) | Initials | ACTIONS TO BE COMPLETED | Completed (Date) | Initials |
|---|---|---|---|---|---|
| I-94 | | | 252(b) CASES | | |
| I-95 Stamped | | | I-99 Notice of Revocation and Penalty | | |
| M-125 Docket Control Tape | 4/1/98 | EH | I-259 Notice to Detain and Deport | | |
| I-210 Voluntary Departure Notice | | | ARRANGING TRANSPORTATION | | |
| I-205 Warrant of Deportation | | | I-288 Notice to Transportation Line | | |
| I-229 Warning of Six-month Limit-242(a) | 4/1/98 | EH | I-380 Record of Billable Expense | | |
| I-217 Information Travel | | | I-340 Demand for Surrender Under Bond | 7/2/98 | OR |
| I-217A Document Application | | | | | |
| I-141 Medical Certificate | | | I-166 Notice to Surrender for Deportation | | |
| I-294 Notice of Dep'n Destination and Penalty for Reentry | 4/1/98 | EH | G-391 Detail of Det. Off. | | |
| I-323 Breach | | | I-216 Record of Person & Property Transferred | | |
| Bond | | | I-164 Document Envelope | | |
| I-391 Cancellation | 1/6/00 | RZ | I-89 TO CANCEL I-551 | 3/27/98 | JS |
| I-241 T.D. Request Country Designated by Alien | | | CLOSING ACTIONS | | |
| T.D. (C-N) Request Country of Nationality (Presentation) | | | | | |
| DETAINED CASES | | | | | |
| I-296 Notice to Alien Ordered Excluded | | | Disposition Notice -FBI | | |
| I-286 Notice of Detention or Release Conditions | | | Disposition Notice -RCMP | | |
| I-200 Warrant for Arrest of Alien | | | Deportation Expense Billed | | |
| I-203 Order to Detain or Release Alien | | | I-94 Stamped and I-95 Forwarded | | |
| G-589 Property Receipt | | | "Closed" Tape Placed on File | | |
| G-590 Property Envelope | | | I-181 To Rec. Adm. Re I-151 (I-551) File stamped "statistices" | | |
| I-43 Statement of Detained Alien Baggage & Personal Effects | | | CLOSED IN DACS | | |
| I-284 Notice to Detention and Deportation Expenses | | | Disposition information Furnished the following | | |
| I-247 Notice of Detainer ENTERED ON DACS | | | Asylum Letter | | |
| | | | G-56 CALL IN | | |

LOST BOND (Bond Lost) / CINS CASE

Alien (is)(is not) detained and is ready for deportation to P.R.C. CHINA at the expense of U.S. GOVERNMENT
Alien's condition is: [X] Able [ ] Mental [ ] CINS [ ] Physically Incap.

Date: 6-17-98

Deportation Officer

Remarks: TO SURRENDER WITH VALID P.P. W/R + I 294 ATTACHED

Form I-170 (Rev. 7/16/97)N

United States Department of Justice, Immigration and Naturalization Service